AARON R. COOLIDGE & another *vs.* ELIZA A. SMITH.

Suffolk.    March 10; October 21. — 22, 1880.

A deed, containing a recital that the land therein described was subject to a mortgage " which the grantee assumes and agrees to pay," was executed to a woman as grantee, without her knowledge or authority, by the direction of her husband, and was by him recorded. She never saw the deed and knew nothing of its contents until after the land was sold by the mortgagee, when she repudiated the deed. Soon after the deed was recorded, she knew that the land had been conveyed to her, and claimed to be the owner of it. *Held,* that these facts would warrant a finding that she had assented to the purchase, and a ruling that she was bound by the recital in the deed.

CONTRACT for breach of an agreement to pay a mortgage existing upon a parcel of land conveyed by the plaintiffs to the defendant. Trial in the Superior Court, without a jury, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows:

On May 18, 1872, the plaintiffs, who owned a large tract of vacant land in Dedham, mortgaged it to Martha C. Bullard, trustee, to secure their note of even date for $6000, payable in five years. On March 18, 1876, the plaintiffs made an oral agreement with Timothy H. Smith, the defendant's husband, to exchange said land, subject to the mortgage, for an estate owned

by Timothy, situated in Boston, also subject to a mortgage. By
the direction of Timothy, the deed from the plaintiffs was made
to the defendant, and contained the following recital : " Sub-
ject to a mortgage of $6000, which the grantee hereby agrees
to assume and pay, and save the grantors harmless therefrom."
The deed was executed, and was delivered by the plaintiffs to
Timothy, who had the same recorded on March 22, 1876. In
June 1878, the mortgage note to Bullard being unpaid, she caused
the land to be sold by auction, under the power contained in
the mortgage, and it brought $1500, which she indorsed on the
note ; and, before the commencement of this action, the plain-
tiffs paid her the balance of the note and interest.

There was also evidence that the defendant went with her
husband to the land in Dedham before or after the making of
the deed to her ; and that, after the date of the deed, she went
alone to the mortgagee's house, and paid the interest due May
18, 1876, saying that she had purchased the property and had
come to pay the interest on the mortgage.

The evidence of the defendant and her husband tended to
contradict so much of the plaintiff's evidence as related to the
defendant's statements at the mortgagee's house and the pay-
ment of the interest money ; and they testified that the defendant
did not know the deed was made to her until the commencement
of this action.    There was also other evidence.

Upon all the evidence in the case, the judge did not find it
proved that the defendant ever knew anything about the con-
tract of exchange or contract of purchase of the land in Ded-
ham, or that she had ever previously authorized it, or previously
thereto had authorized the conveyance or deed to be made to
her, or that she ever saw the deed or copy or record of it, or had
any knowledge or notice of it or of its contents or of the implied
promise to pay the mortgage, until after the estate had been
sold by Mrs. Bullard, when she repudiated it ; nor that her hus-
band had express or implied authority to bind her in the prem-
ises ; but found that, soon after the deed was recorded, the
defendant knew that the land in question was conveyed to her ;
that, from her knowledge and experience in such matters, she
must have known that the conveyance was by deed duly re-
corded ; that, thereupon, she claimed to be the owner thereof

and, upon these facts, held that he was authorized to find her assent to the purchase, and did so find; and further held that such conduct amounted to a ratification of the act of her hus-band in purchasing the estate in her name and taking the deed accordingly; and that she was bound thereby by all the agree-ments in the deed, although she had not examined the same or been informed as to the contents; and thereupon ordered judg-ment for the plaintiffs for the sum of $5507.84. If, upon the facts found, the judge was not authorized, in law, to find ratifi-cation and acceptance of the deed so as to make the defend-ant liable, a new trial was to be had, otherwise, judgment to stand.

After the case was entered in this court, the judge was al-lowed, on motion of the plaintiff, to amend the report by adding the following statement: "At the hearing, there was evidence tending to show that, on the day the deed from the plaintiffs to the defendant was executed and delivered, and in the same office, one Richardson, at the request of Timothy, assigned to the defendant a mortgage on real estate in Revere, given by Timothy to Richardson to secure his note for $20,000, payable to Richardson; that the assignment, after it was executed and delivered to Timothy, was duly recorded; and the defendant testified that, at the time of the trial, she owned said mortgage under the assignment; that, before and after the date of the deed from the plaintiffs to the defendant, and at the time of the trial of this case, she was the owner of certain parcels of real estate and mortgages on real estate in the counties of Suf-folk and Essex, which had come to her through the agency or by the procurement of her husband; that she had, at one or more auction sales, made under powers contained in mortgages given by her husband to sundry persons, become the purchaser of the estates sold; and that, in all these cases, her husband had acted for her, but without any general or special written power." The judge further added that this statement was not inserted in the original report, because his finding was not based thereon.

*N. B. Bryant,* for the defendant.

*N. Morse,* (*C. S. Lincoln* with him,) for the plaintiffs.

Ames, J. The judge who presided at the trial in the court below was in a position in which he was required to exercise the

functions of both judge and jury. H.s conclusions as to the weight and sufficiency of the evidence, and the credit which he ought to give to the witnesses, are binding upon us, and are not open to revision. *Forsyth* v. *Hooper*, 11 Allen, 419. If there was any evidence which could properly have been submitted to a jury, and upon which, if believed by them, they could legally find a verdict for the plaintiffs, the verdict could not be set aside as a matter of law. *Heywood* v. *Stiles*, 124 Mass. 275. The finding of the judge in this case stands in the same position as if it had been the verdict of a jury.

There can be no doubt that, if the defendant had personally conducted the negotiation and made the purchase, the provision contained in the deed, that the premises were " subject to a mortgage of six thousand dollars which the grantee assumes and agrees to pay, and save the grantor harmless therefrom," would have rendered her liable for any sums of money which the plaintiffs were obliged to pay on account of the mortgage debt. *Fiske* v. *Tolman*, 124 Mass. 254. But the purchase was not made by the defendant personally. The negotiation was conducted by her husband in her absence, and it was by his direction that her name was inserted in the deed as the grantee. It appears from the report that the judge did not find it proved that she had given him any previous authority to make the purchase, or to cause the deed to be made to her, or that she ever saw the deed or any copy of it, or had any knowledge or notice of it, or of its contents, or of the implied promise to pay the mortgage, until after the foreclosure sale, when she repudiated it. The report also sets forth that it was not proved that she ever knew anything about the contract of exchange or purchase of the land; but, as it goes on to say that, soon after the deed was recorded, she knew that the land was conveyed to her by deed duly recorded, we must reconcile this seemingly contradictory language of the report, by interpreting it as meaning that she did not know of the transaction until after it was completed.

Upon the assumption that her husband had no express or implied authority to bind her in the premises, we come to the question, Was the court authorized, as a matter of law, upon the facts reported, to find such a ratification and acceptance of the

deed as to make her liable upon the agreement implied in its acceptance? It is one of the facts found at the trial, that she knew that the property had been conveyed to herself by a deed duly recorded, and that, inasmuch as she did not make the bargain herself, she knew that it had been made in her behalf by some person as her agent. There was evidence, received without objection, that her husband had in several transactions acted as her agent with her consent. Soon after the deed in this case was put on record, she claimed to be the owner of the property, and there was evidence tending to show, not only that she knew the existence of the mortgage, but had paid interest upon the mortgage debt. It is not suggested that the deed was concealed from her, or that any misrepresentation as to its terms was practised, or that she had not ample opportunity to inform herself as to its contents. The fact that the property had been conveyed to her was brought to her knowledge more than two years before there was any disavowal on her part. It is impossible to say, upon these facts, that there was no evidence which would authorize the judge to find that the defendant ratified and accepted the deed. Story on Agency, § 253.

It is true that a contract made by one person as agent for another, without any antecedent authority, cannot be made binding upon the alleged principal by his ratification, unless that ratification is given upon a full knowledge of all the circumstances of the case. Story on Agency, § 239. *Dickinson* v. *Conway*, 12 Allen, 487. *Combs* v. *Scott*, 12 Allen, 493. But it is equally well settled that the principal cannot, of his own mere authority, ratify the transaction in part, and repudiate it as to the rest. He must either adopt the whole or none. Story on Agency, § 250. It was impossible, therefore, for the defendant to accept the deed, and claim title under it, and to allow so long a time to elapse before any repudiation of it, without at the same time accepting the terms of the deed and the nature of the title which it purported to give. A party must be presumed to know the contents and true meaning of a written instrument which he takes as evidence of title. *Freeman's National Bank* v. *Savery*, 127 Mass. 75.

A majority of the court, therefore, concur in the opinion that there must be                    *Judgment for the plaintiffs.*