BRADLEY L. EATON *vs.* NATHANIEL LITTLEFIELD.

Suffolk.     March 16, 1888. — May 7, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Principal and Agent — Contract — Illegal Consideration — Insolvent Debtor — Evidence.*

A creditor of an insolvent debtor guaranteed payment of part of another creditor's claim, upon the latter's agent agreeing, without his principal's knowledge or authority, to vote for a certain person as assignee; and the principal accepted the guaranty and brought an action thereon. *Held,* that the action could not be maintained.

At the trial the agent's power of attorney was excluded, there being no evidence that the defendant had seen it or knew of its contents, and evidence of how the plaintiff actually voted for assignee was admitted, the jury being instructed to disregard it as immaterial. *Held,* that the plaintiff had no ground of exception.

CONTRACT upon the following agreement in writing under seal, signed by the defendant: "Boston, October 12, 1883. I, Nathaniel Littlefield, of Boston, in consideration of one dollar and other valuable considerations, the receipt whereof is hereby acknowledged, hereby guarantee to James A. Wood, of Cam-

bridge, Mass., and Eaton Brothers, of Calais, Maine, that they shall receive at least ten per cent of their respective legal claims against Rice, Jones, and Hammond, within one year from the date of this agreement, and if said Wood and Eaton Brothers do not receive at least ten per cent, as aforesaid, I will pay to them the difference between what they shall receive and said ten per cent within the year, as aforesaid. But it is understood said claims are not sold, and that said Wood and Eaton Brothers are to receive any excess above said ten per cent which said estate of said Rice, Jones, and Hammond may pay, or said Rice, Jones, and Hammond may pay."

At the trial in the Superior Court, before *Blodgett,* J., it appeared in evidence that the firm of Rice, Jones, and Hammond, of Boston, failed a short time before the date of the above agreement, and that the plaintiff, who did business under the name of Eaton Brothers, the defendant, and Wood were creditors of the firm; that the defendant and Wood, who claimed to act as the plaintiff's agent, had various negotiations in regard to the failure and the probable action of the plaintiff and Wood in relation thereto, the result of which was the execution of the agreement by the defendant and its delivery to Wood; that the consideration of the agreement was in whole or in part an undertaking by Wood, acting for himself and as the agent of the plaintiff, to vote for one John Warner as assignee in the event of proceedings under the insolvent laws of the Commonwealth by or against the firm; and that the firm went into insolvency in November, 1883, and paid less than ten per cent in dividends to creditors.

Wood testified, that in the negotiations with the defendant, and in the acceptance of the agreement, he acted as the agent of the plaintiff, but denied that there was any agreement whatever as to the plaintiff's vote for assignee, or that he ever told the plaintiff that there was such an agreement. There was no evidence that the plaintiff ever authorized, knew of, or ratified the alleged agreement as to the vote for assignee, except by receiving the instrument and by bringing this action thereon; and the plaintiff asked the judge to rule that he was entitled to recover, because there was no evidence that he authorized, knew of, or ratified the alleged illegal agreement. The judge declined so to rule, and the plaintiff excepted.

The plaintiff offered in evidence a power of attorney from himself to Wood, dated October 1, 1883, authorizing the latter to sign his name to a deed of assignment from Rice, Jones, and Hammond to Warner, and offered to prove that this power of attorney was the only authority of Wood to act in his behalf in the negotiations which resulted in the agreement; but the judge excluded it, and the plaintiff excepted. The plaintiff called as a witness the register of the Court of Insolvency, and the defendant, on cross-examination, was allowed, against the plaintiff's objection, to show that the plaintiff voted for Wood and Warner for assignees; and to this evidence the plaintiff excepted.

The judge instructed the jury that it was immaterial for whom the plaintiff voted as assignee, and gave other instructions, to which no objection was made. The jury found for the defendant; and the plaintiff alleged exceptions.

*S. H. Tyng*, for the plaintiff, contended, among other things, that, if the defence relied on was sustained, it must be held that an unauthorized illegal act has an effect denied to the unauthorized legal act of an agent. *Upton* v. *Suffolk County Mills*, 11 Cush. 586. *Cooley* v. *Perrine*, 12 Vroom, 322. See also *Blood* v. *French*, 9 Gray, 197; *Anderson* v. *Bruner*, 112 Mass. 14; *Thacher* v. *Pray*, 113 Mass. 291.

*S. K. Hamilton*, for the defendant.

DEVENS, J. An agreement, arrangement, or bargain by which a creditor of an insolvent debtor has received or is to receive any money, property, or consideration whatever, by which his vote for assignee may be affected, is illegal. The statute requires, using very ample and searching words for this purpose, that, in proving his claim, the creditor shall make oath that no such agreement, arrangement, or bargain exists, and, further, that no claim shall be allowed, unless these statements are found to be true. Pub. Sts. c. 157, § 29.

As the case at bar was submitted to the jury, they must have found that the agreement signed by the defendant was made upon the consideration that the plaintiff should vote for one John Warner for assignee of the firm of Rice, Jones, and Hammond, in case that firm should go into insolvency. By this agreement, which was under seal, the defendant guaranteed that the plaintiff should, within one year, receive ten per cent of his

legal claims against Rice, Jones, and Hammond, and promised to pay him the difference between what he actually should receive within that time and this amount. Had this agreement been made directly between the plaintiff and the defendant, it would hardly have been contended, we presume, that it could be enforced. *Tirrell* v. *Freeman*, 139 Mass. 297. It was, however, made between the defendant and one Wood, also a creditor of the insolvent firm, acting on his own behalf and as the agent of the plaintiff. There was no evidence that the plaintiff ever knew of or ratified the transaction, except by receiving and bringing suit on the instrument signed by the defendant, and the plaintiff asked the court to rule that he was entitled to recover, because it was not shown that he authorized the illegal agreement. ·

Where one as principal adopts the act of another, who has assumed to act as agent for him, he puts himself in the same position that he would occupy if he had originally invested the assumed agent with authority. As the act of the agent is treated as that of the principal, the latter cannot accept it so far as it is advantageous, and reject the infirmities attached to it or by which it may be affected. *Suit* v. *Woodhall*, 113 Mass. 391.

The plaintiff in the case at bar relies upon an agreement, the consideration of which was a contract made on his behalf by one assuming to act for him. He can do so only to the same extent that he might had he himself made the contract under similar circumstances. He is liable for the fraud or misrepresentations of his agent, or of him whom he accepts and recognizes as such, and should be affected by the consequences of the illegal acts of such agent when he seeks to avail himself of results which have been secured by means of them. He must accept or reject the transaction as it occurred, and is compelled to adopt the whole or none. *Coolidge* v. *Smith*, 129 Mass. 554. He is bound by the consequences which flow from the fact that an illegal contract was an element in the transaction, and tainted with illegality the subsequent promise founded on it, which he seeks to enforce.

The power of attorney which the plaintiff gave to Wood was properly excluded. There was no evidence that it was shown to the defendant, or that he had any knowledge of its contents. Nor, even if the defendant had known that Wood had no au-

thority to make the illegal contract that the plaintiff should vote for Warner as assignee, would that render the contract made upon that consideration one that the plaintiff could enforce.

If we assume that the evidence as to the way in which the plaintiff actually voted for assignee was wrongfully admitted, it can have done no harm. The jury were told to disregard it as immaterial, and it must be held that they followed the instructions of the presiding judge.          *Exceptions overruled.*