## BRAINARD LOW vs. CECIL H. LOW & others.

Essex.    November 8, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

In a suit to enforce the specific performance of a contract, the decree affirmed by this court ordered the defendants to convey to the plaintiff certain land, free from all encumbrances made or suffered by them except certain mortgages named, with leave to apply for such further order or decrees as might be necessary. The mortgagees were not parties to the suit. A portion of the land ordered to be conveyed had been taken for a highway, and the defendants had received a sum of money as damages for the taking. The plaintiff then filed a bill making the mortgagees defendants, alleging that they had notice of the plaintiff's title when the mortgages were made, and praying that the mortgagees might be ordered to execute deeds releasing the land from their mortgages, and that the original defendants might be ordered to pay to the plaintiff the money received by them for the portion of the land taken for a highway, which for that reason they had been unable to convey to the plaintiff in accordance with the former decree. *Held,* that the mortgagees, although they might have been joined, were not necessary parties to the original suit, and that the former decree did not affect their rights and was no bar to the present bill as against them. *Held, also,* that the former decree was not a bar to the plaintiff's claim to the money received by the defendants for the portion of the land taken for a highway, since the former decree expressly gave to the plaintiff the right to apply to the court for further relief. *Held, also,* that the findings of the Superior Court, that the plaintiff was entitled to the relief prayed for by his present bill, both against the mortgagees and the original defendants, were correct.

BILL IN EQUITY, called a supplemental bill, filed November 25, 1899, for further relief. The original or former bill, filed October 28, 1897, was brought to enforce specific performance of an oral contract to convey land, and the decision of this court upon it was reported in 173 Mass. 580. The decree in the original or former suit, affirmed by this court June 30, 1899, ordered " That said defendants make, execute and deliver to said Brainard Low a good and sufficient deed conveying a good title to said land, free from all encumbrances made or suffered by them, except certain mortgages, to wit: A mortgage to the Cape Ann Savings Bank, dated October 26, 1897, and to David B. Smith [and others], dated October 26, 1897, and that the plaintiff recover his costs of suit to be taxed by the clerk, and execution to issue therefor in common form, with leave to the parties to

apply to the court for such further order or decrees as may be necessary."

The Cape Ann Savings Bank and David B. Smith and others, named as mortgagees in this decree, were not parties to the suit.

The so called supplemental bill, brought against both the original defendants and the mortgagees, alleged that the mortgagees, at the time that the mortgages were made, had knowledge and notice of the plaintiff's title and of the facts upon which relief was granted to the plaintiff in the original suit.

It further appeared that a certain portion of the land, ordered by the former decree of this court to be conveyed to the plaintiff by the original defendants, was on June 22, 1897, taken by the city of Gloucester for a highway.

The bill prayed, that the mortgagees might be ordered to execute and deliver to the plaintiff good and sufficient deeds discharging the land ordered to be conveyed to the plaintiff from all liability under the two mortgage deeds, and that the original defendants might be ordered to pay to the plaintiff the sum awarded as damages against the city of Gloucester for taking the portion of the land referred to for a highway. The case was heard in the Superior Court, by *Bell*, J., who entered a decree for the plaintiff on both points, and reported the case for the consideration of this court. The defendants appealed.

The following extracts are from the judge's report:

" The several defendants asked me to dismiss the plaintiff's supplemental bill for the reason that it appeared: (1) that said supplemental bill was filed without leave of court; (2) that the matters and things set forth in said supplemental bill arose and were well known to the plaintiff before and at the time he filed his original bill in this case; (3) that said bill was filed after the final decree in the original suit.

" I ruled that the plaintiff's said bill was maintainable; that if leave was necessary to its filing as a supplemental bill, it may now be granted, but that the bill stood well as an original bill; that the relief it asks is not inconsistent with the decree in the former bill; that the decree in the former suit that a conveyance should be made subject to certain mortgages was not a determination that those mortgages were a valid claim as against the plaintiff; that in the original bill the mortgagees not being

made parties, no decree could be entered affecting their rights, and it could not be determined whether their mortgages were a valid lien upon this land described in the bill; that not being directly interested in the matter it was proper for the plaintiff to leave them out; that the questions raised by the two bills are successive in their nature and no harm was done to either party by maintaining them successively; that the decree in the suit to which they were not parties is not an adjudication which is final in this suit or an estoppel against the plaintiff.

"It was agreed as a fact that on the twenty-sixth day of October, 1897, the defendants, Mary J. Low, Cecil H. Low and Helen R. McKenney, executed and delivered to the defendant, the Cape Ann Savings Bank, as security for the payment of fifteen thousand dollars, a power of sale mortgage in the usual form of a certain parcel of land which included the premises which this court has ordered to be conveyed to the plaintiff by the decree in the original suit, together with five other parcels of land about which there is no controversy in this suit.

"It was also agreed that the same defendants on the twenty-sixth day of October, 1897, executed and delivered to David B. Smith, Benjamin A. Smith and John J. Flaherty, as security for the payment of forty-five thousand dollars, a power of sale mortgage in the usual form of the real estate described in said mortgage to the Cape Ann Savings Bank for fifteen thousand dollars subject to said mortgage to the Cape Ann Savings Bank and to other mortgages described therein.

"I find that the attorney for the demandants at the trial of the writ of entry was one of the mortgagees in the second mortgage, and was also counsel for the other mortgagees, and was counsel for the bank, which was the first mortgagee, and one of its trustees, and I find that the said attorney had knowledge and notice of the matters therein claimed by the plaintiff. I find and rule that the mortgagees in both of said mortgages are chargeable with notice of the plaintiff's equity.

"As to the matters alleged in the seventh paragraph of said supplemental bill, I find that the land which was taken by the city for a highway was a part of that for which the said writ of entry was brought and which was included in the decree in the original suit. The remedy given by the former decree does not

cover it, as it could not be included in the quitclaim deed, because the land was taken for a highway on June 22, 1897, before the bill in the original suit was filed.

"It appearing by agreement of the parties that since said supplemental bill was filed, the said defendants, Mary J. Low, Cecil H. Low and Helen R. McKenney, have recovered and received from the city of Gloucester the amount awarded them as compensation for their damages by reason of the taking of said land for a highway, I ruled that the plaintiff in this action was entitled to recover from them the said amount less a reasonable sum which I allowed them for counsel fees and ·other expenses in the suit brought to recover the award made to them for said land damages. A decree having been entered in this suit in accordance with said findings and rulings, all the defendants appealed therefrom, and I was requested by them to report the facts found by me in said case."

*J. J. Flaherty*, for the defendants.

*F. H. Tarr*, for the plaintiff.

KNOWLTON, J. This case is founded in part on facts which appear in *Low* v. *Low*, 173 Mass. 580. The defendants contended that the bill could not be maintained as a supplemental bill, because it was not filed by leave of the court, and for other reasons. The judge in the final decree ordered that if leave to file the bill was necessary, such leave be granted. The report of facts which he filed under St. 1893, c. 61, to complete the record in aid of the appeal, shows a ruling "that the bill stood well as an original bill; that the relief it asks is not inconsistent with the decree in the former bill; that the decree in the former suit that a conveyance should be made subject to certain mortgages was not a determination that those mortgages were a valid claim as against the plaintiff; that in the original bill the mortgagees not being made parties, no decree could be entered affecting their rights, and it could not be determined whether their mortgages were a valid lien upon this land described in the bill; that not being directly interested in the matter, it was proper for the plaintiff to leave them out; that the questions raised by the two bills are successive in their nature and no harm was done to either party by maintaining them successively; that the decree in the suit to which they were not parties

is not an adjudication which is final in this suit or an estoppel against the plaintiff." We are of opinion that there was no error in this ruling. While the mortgagees well might have been joined in the original suit, it was not necessary to join them, and neither they nor the original defendants are injuriously affected by the secondary proceedings to obtain relief against them. It is clear that the plaintiff is not estopped by the former decree to proceed against them, for they were not parties to the suit, and the rights of the parties in reference to the mortgages could not be adjudicated in that proceeding. Moreover, the decree did not assume to determine the effect of the mortgages.

It was proper to join the mortgagors in this suit, because their rights would be affected in reference to the mortgaged property by the decision as to the effect of the mortgages upon the plaintiff's rights.

So far as the suit refers to the proceeds of the claim for damages for the laying out of the highway through the property, it was properly brought. The decree in the former suit was not a bar to this proceeding in reference to the money, for the plaintiff's right to apply to the court for further relief was expressly saved to him in it. The relief sought in this case against the former defendants is not inconsistent with the relief granted in the former case, but naturally and properly it grows out of it. The defendants could not comply with that part of the decree which directed them to convey the whole tract of land described in the bill, because a part of it had been taken for a highway, and the defendants have received a sum of money as damages for the taking. It is, therefore, equitable that they should give the plaintiff the money which they have received as the proceeds of the land instead of the land itself.

There was evidence from which the judge might find that the mortgagees were affected with notice of the state of the title. The attorney who acted for them in the transactions when the mortgages were made, and who was relied on by them to secure a proper title, knew that the plaintiff was likely to seek relief in equity for the failure of Benjamin Low to deliver him the deed, and the judge well might find that he expected that a suit would be brought which would give the plaintiff a title paramount to

that which the mortgagees would obtain. *Allen* v. *South Boston Railroad*, 150 Mass. 200, 206. *Indian Head National Bank* v. *Clark*, 166 Mass. 27, 30.

The defendant Mary J. Low contends that if this bill is to be maintained for the purpose of correcting errors in the final decree in the original suit there should be an order vacating the decree in that part which runs against her and directs a conveyance, since, as she says, she had no title except her right of dower as the widow of Benjamin Low. But the bill is not brought for a general correction of errors in the former decree. There is nothing in any of the answers in the former suit or in this suit which raises a question of this kind. The only relief sought in this suit against the defendants in the former suit is a decree that the money, which the case finds has been paid to the former defendants as the proceeds of a part of the land that they were ordered to convey, shall be paid over to the plaintiff. Mary J. Low is not only the widow of Benjamin Low, but she is the administratrix of his estate. In what capacity she and her two sons received the money does not distinctly appear. Whether at the time of payment she had a right of dower in the land is not shown. For all that appears her entire dower in her husband's estate may have been set out to her in other lands. She may have made other arrangements with the heirs at law which leave her with no right of dower in this property. There is nothing in the case which calls for a modification of that part of the decree which directs the persons who received the land damages to pay to the plaintiff the money which they received, less the allowance which was made them by the judge for expenses.

*Decree affirmed.*