### PITTSBURGH PLATE GLASS COMPANY *vs.* ANGUS MACDONALD.

Middlesex.   January 21, 1903. — February 25, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Implied.

One, who, having a contract in writing with the defendant to furnish glass for three out of four of the elevations of a building of a third person, by mistake furnished the glass for all four of the elevations, can recover nothing for the glass furnished in excess of that called for by the contract, and it is immaterial that the defendant did not know that the contract was limited to three elevations until he got the plaintiff's bill for extra glass and looked the matter up, he having cautioned the plaintiff not to put in any more glass than his contract called for.

CONTRACT for a balance of $733.65 for plate glass alleged to have been furnished for the defendant by the plaintiff, used

principally in the Hotel Somerset in Boston and a small part of it in the Hotel Boulevard in Newton, for both of which buildings the defendant had sub-contracts including the window glass. Writ dated May 9, 1899.

In the Superior Court the case was heard by *Lawton*, J., without a jury, upon an auditor's report. The judge refused to make the rulings requested by the plaintiff, and found for the plaintiff in the sum of $21.81, for the glass furnished for the hotel in Newton, for which the defendant had filed an offer of judgment. The plaintiff alleged exceptions.

*W. B. French*, (*E. L. Curtiss* with him,) for the plaintiff.

*N. F. Hesseltine*, for the defendant.

LORING, J. In this case the plaintiff, who was under contract to furnish glass for some of the window sashes made, by the defendant for a building belonging to a third person, through its own mistake furnished more glass than the contract called for and now seeks to recover from the defendant for the extra glass so furnished.

The case was sent to an auditor who found for the defendant; no evidence beyond the auditor's report was introduced at the trial, and the only exception which has been argued is to a refusal to rule that as matter of law there was, on the facts set forth in the auditor's report, a contract implied in fact to pay for the glass. The auditor found that there was a written contract between the plaintiff and defendant by which the plaintiff was to furnish glass for three out of four of the elevations of the building, and by mistake of the plaintiff's employees it furnished glass for all four.

In addition to the plaintiff corporation there were two firms who "furnished glass for the building." When the sashes were ready, the plaintiff was notified to measure them and to deliver the glass called for by its contract. The plaintiff's men were cautioned both by the defendant and by the defendant's foreman not to put in any more glass than their contract called for, and the mistake was made through the carelessness of the plaintiff and of the plaintiff alone. The defendant's foreman did not know what glass was to be furnished by the plaintiff and the defendant did not know that the plaintiff had furnished any glass beyond that called for by the contract until he received a bill

for extra glass.  It is also found that the defendant originally estimated for German glass for all four elevations, but before the contract was signed the architects changed their plan and the defendant's contract called for plate glass only, and for plate glass for three in place of four elevations.  The defendant testified that he did not know that his contract was limited to three elevations until he got the plaintiff's bill for extra glass and looked it up.

The plaintiff's argument is that as the defendant supposed that the plaintiff was to furnish the glass for the four elevations the glass was furnished under such circumstances as to raise the fair presumption that the parties intended it was to be paid for as was said in *Pew* v. *Gloucester National Bank*, 130 Mass. 391, 395.  That was said in disposing of the question whether services which the defendant knew were rendered, were rendered gratuitously or were to be paid for.

The difficulty with the plaintiff's contention here is that the defendant cautioned the plaintiff's men not to put in any more glass than their contract called for.  That is a notice that he did not want any glass in addition to that covered by the contract.  For any glass put in by the plaintiff in addition to that called for by the contract without the knowledge of the defendant, the defendant is not liable.  The case is not unlike *Boston Ice Co.* v. *Potter*, 123 Mass. 28, in this respect.  That case is a much stronger one than the case at bar.  There, the plaintiff's ice was used by the defendant.  Here the defendant does not own the building, is not now in possession of the glass, and never received any benefit from the plaintiff's putting it into his sashes.

*Exceptions overruled.*