CLARENCE B. MALOON *vs.* EDMUND H. BARRETT.

Essex.     May 17, 1906. — September 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, LORING,
BRALEY, & SHELDON, JJ.

*Agency. Broker.*

The owner of a house employed a real estate broker to sell it for him but in-
structed him not to advertise it.  The broker forgot the instruction and in good
faith advertised the house for sale.  Solely as a result of the advertisement a
person who had read it went to the owner, informed him that he had seen the
advertisement and offered to buy the house, which the owner thereupon sold to
him.  In an action by the broker for a commission on the sale, it was *held,* that
the owner by accepting the customer and selling him the house ratified the act
of the broker in advertising the house for sale and was liable for the commission.

CONTRACT to recover $27 as a broker's commission for the
sale of certain real estate in Lynn.  Writ in the Police Court
of Lynn dated October 28, 1905.

On appeal to the Superior Court the case was submitted to
·*Aiken,* C. J., upon an agreed statement of facts, signed by counsel,
which was as follows :

The plaintiff is engaged in business as a real estate broker
in the city of Lynn.  Some time before October, 1905, the
defendant placed in the hands of the plaintiff for sale a house
belonging to the defendant on Robinson Street in Lynn.  At
the time the property was placed in the hands of the plaintiff,
the plaintiff was directed not to advertise the property for sale
in any newspaper.  The plaintiff had the property for sale for
some months without finding any purchaser, and then advertised
the property for sale in a newspaper called the Lynn Item, to-
gether with other property owned by people other than the
defendant.  As soon as the defendant learned that the property
was being advertised, he made objection to the plaintiff on the
ground of his direction, and the plaintiff withdrew the advertise-
ment after it had appeared twice.  At the time of the adver-
tisement the plaintiff had no recollection of the direction, and
has none now.  Later, one Everett Arbing, who saw the adver-

tisement in the paper, and who learned thereby that the property was for sale, went to the defendant solely as a result of the advertisement, and informed the defendant that he had seen the advertisement and that he desired to purchase the property. The defendant at first said that he had concluded not to sell the property, but later in the same conversation the defendant and Arbing agreed together as to the sale and purchase of the property, and the defendant sold the property to Arbing for $1,350. The plaintiff had no connection with the sale except as above stated. It is agreed that the plaintiff's commission on the sale, if he is entitled to any commission, is two per cent, or $27.

Upon the foregoing statement of facts the Chief Justice ruled that the plaintiff was entitled to recover, and ordered that judgment be entered for the plaintiff in the sum of $27 damages; and the defendant appealed. At the request of the parties the Chief Justice reported the case for determination by this court. If the foregoing ruling was right, judgment was to be entered for the plaintiff as above stated; otherwise, judgment was to be entered for the defendant.

The case was submitted on briefs at the sitting of the court in May, 1906, and afterwards was submitted on briefs to all the justices.

*H. T. Lummus & C. N. Barney*, for the defendant.

*A. B. Tolman*, for the plaintiff.

LORING, J. The defendant's first contention is that the plaintiff would not have been entitled to a commission had there been no direction by the defendant not to advertise. It is stated in the agreed facts that the customer "went to the defendant solely as a result of said advertisement." That would have been decisive in favor of the plaintiff had there been no direction not to advertise the property. *Gleason* v. *Nelson*, 162 Mass. 245. *Dowling* v. *Morrill*, 165 Mass. 491. *Pratt* v. *Burdon*, 168 Mass. 596. *French* v. *McKay*, 181 Mass. 485.

The difficulty in the case at bar arises from the fact that the defendant told the plaintiff not to advertise. The plaintiff was employed to find a customer, but was instructed not to use an advertisement as a means of accomplishing that which he was employed to effect. For that reason the case does not come within cases like *Boston Ice Co.* v. *Potter*, 123 Mass. 28,

*Pittsburgh Plate Glass Co.* v. *MacDonald,* 182 Mass. 593, and *Smith* v. *Wenz,* 185 Mass. 229.

Moreover it is agreed that the plaintiff had forgotten the restriction not to advertise. That is in substance an agreement that he acted in good faith, and for that reason this case does not come within *Sipley* v. *Stickney,* 190 Mass. 43, 44.

It has been urged on behalf of the defendant, that. inasmuch as the plaintiff's right to sell was not exclusive of the defendant he had a right to sell to Arbing without paying the plaintiff a commission. That is hardly an accurate statement of his rights. To be accurate, what the defendant would have had a right to do was to sell the property to Arbing without paying the plaintiff a commission if he had secured Arbing as a customer without the aid of the plaintiff. When Arbing went to the defendant solely as a result of the plaintiff's advertisement and informed the defendant that he had " seen the advertisement and that he desired to purchase the property," the possibility of the defendant's securing Arbing as a customer without the plaintiff's aid came to an end, and the defendant knew it. Whether the defendant was or was not harmed by that possibility being ended by the plaintiff's unauthorized act in advertising the property is and always will be a matter of conjecture. The defendant has not proved, and cannot prove, that had it not been for the unauthorized advertisement he would have secured Arbing as a customer.

When the possibility of the defendant's securing Arbing as a customer through his own (the defendant's) efforts was ended by the plaintiff's unauthorized advertisement, one of two results followed: Either (1) the defendant could sell to Arbing, although secured by the plaintiff's efforts, because the possibility of the defendant's securing Arbing as a customer had been brought to an end by the plaintiff's using an unauthorized means, that is to say, the defendant was in the same position that he would have been in had he in fact secured Arbing as a customer; or (2) the defendant (not having secured Arbing as a customer through his own efforts) could not sell to him as his (the defendant's) customer. In the latter case the defendant would not be bound to treat with Arbing as a customer, as he would have been bound to do had the means used by the plain-

tiff been authorized; he could have refused to recognize him as a customer because obtained by the use of means which he forbade the use of. But in the latter case, if he elected to deal with him he dealt with him as a customer procured by the plaintiff, since he was in fact secured by the plaintiff, and not as a customer who became such through his own efforts; and having elected to deal with him he must be held to have ratified the means used by the plaintiff to secure him. That is to say, it is a case where the defendant had to accept or reject the plaintiff's action as a whole. He could not ratify it in part and repudiate it in part. *Suit* v. *Woodhall,* 113 Mass. 391. *Coolidge* v. *Smith,* 129 Mass. 554. *Eaton* v. *Littlefield,* 147 Mass. 122, 125.

In the opinion of a majority of the court it is not possible to say that the defendant had a right to deal with the customer in fact secured by the plaintiff, although by unauthorized means, as if he had been secured by his own efforts, and the second is the true view of the case.

The defendant having elected to deal with Arbing, the entry must be

*Judgment on the finding.*