THE STETSON PRESS, INC. *vs*. THE BUNSEN OIL BURNER CORPORATION.

Suffolk.  November 7, 1933. — February 14, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Conversion. Agency*, Agent's knowledge, Imputed knowledge. *Contract*, What constitutes, Implied.

The declaration in an action in a municipal court against a corporation contained two counts, one in tort for conversion of certain materials prepared for advertising purposes and one in contract upon an account annexed for goods sold and delivered. At the trial, it appeared that the materials were prepared by the plaintiff at the request of one who was seeking employment by the defendant as general sales manager, he and the plaintiff agreeing, before his employment, that, if the material should be used, the plaintiff should be paid for it, but not otherwise. He afterwards obtained the position he sought and the plaintiff addressed a letter to the defendant, to his "attention" as "sales manager," making a charge for the materials and quoting prices for printing therefrom. The sales manager did not show the letter to the defendant's officers, but told them that the bid was too high. They took the material and used it for printing through another printer. The trial judge found that the sales manager "was employed by defendant solely to make sales and suggestions, and . . . had no authority to bind defendant to pay for anything; . . . that defendant received the material from" the sales manager as his "own property and work, and believed it such"; and found for the defendant. *Held*, that
    (1) The material having been entrusted to the sales manager for the very purpose of being used by the defendant, the defendant's use of it was not tortious, and there could be no recovery in tort;
    (2) The knowledge of the sales manager that the plaintiff understood that he was to be paid if his materials were used could not be imputed to the defendant so as to make it liable in contract, because of the finding by the trial judge that the sales manager "was employed by defendant solely to make sales and suggestions and . . . had no authority to bind defendant to pay for anything": the sales manager did not have within the scope of his authority the matter with respect to which such knowledge was material.

CONTRACT OR TORT.  Writ in the Municipal Court of the City of Boston dated December 12, 1932.

In the Municipal Court, the action was heard by *Duff*, J. Material evidence and findings by the trial judge are described in the opinion.  There was a finding for the defendant and the action was reported to the Appellate Division. The report was dismissed.  The plaintiff appealed.

The case was submitted on briefs.

*E. V. Grabill*, for the plaintiff.

*S. H. Borofsky*, for the defendant.

LUMMUS, J.  In March, 1932, one Livor was an applicant for the position of general sales manager of the defendant, and wished to unfold to it a new plan of artistic advertising.  He sought the assistance of the plaintiff, and through the efforts of the plaintiff, an expert employed by the plaintiff, and Livor himself, the material was prepared.  The plaintiff and Livor agreed, before Livor was employed by the defendant, that if the material should be used, the plaintiff should be paid for it, but not otherwise. In April, 1932, Livor obtained the position which he sought. The plaintiff then sent to the defendant a letter, marked "Attention Mr. John E. Livor, Sales Manager," making a charge of more than $500 for the material, and quoting prices for printing and advertising matter therefrom. Livor did not show this letter to the officers of the defendant, but told them that he had received a bid which was too high.  These officers took from Livor the material which had been prepared, and contracted for the printing with another concern.  It is conceded that the material was of substantial benefit to the defendant.

The trial judge, upon sufficient supporting evidence, made the following findings: "I find that all plaintiff's dealings prior to its discovery of the actual use by defendant were with one Livor, who was employed by defendant solely to make sales and suggestions, and who had no authority to bind defendant to pay for anything; that plaintiff entrusted the material to Livor in the hope of securing future orders in connection with the printing; that defendant received the material from Livor as Livor's

own property and work, and believed it such, and had no knowledge of plaintiff's connection with it until after it had been used by defendant; and never ordered it from plaintiff or agreed to pay for it." The declaration is in two counts, the first in contract upon an account annexed for goods sold and delivered, and the second in tort for conversion. The trial judge found for the defendant; the Appellate Division sustained him, dismissing the report; and the plaintiff appealed to this court.

The plaintiff contends that the knowledge of Livor that the material was furnished by the plaintiff and that the plaintiff expected pay for it, is imputed to the defendant, with the result that the defendant in using it with such knowledge either was guilty of a tort or impliedly promised to pay for it. The material in question, if the plaintiff's property in any true sense, was entrusted by the plaintiff to Livor for the very purpose of being used by the defendant. In that respect the case differs from *Chapple* v. *Merchants National Bank*, 284 Mass. 122, and cases cited. The use of it by the defendant, therefore, was not tortious, and at the most could create only a right enforceable in an action of contract. It is true, that the knowledge of an agent has often been held the knowledge of the principal. *Suit* v. *Woodhall*, 113 Mass. 391. *Atlantic Cotton Mills* v. *Indian Orchard Mills*, 147 Mass. 268. *Allen* v. *South Boston Railroad*, 150 Mass. 200, 206. *Low* v. *Low*, 177 Mass. 306, 310, 311. *Tremont Trust Co.* v. *Noyes*, 246 Mass. 197. *Stevens* v. *Mulcahy*, 261 Mass. 116. *New England Trust Co.* v. *Bright*, 274 Mass. 407. But that principle does not apply unless the agent having the knowledge has within the scope of his authority the matter with respect to which that knowledge is important. *National Security Bank* v. *Cushman*, 121 Mass. 490. *Rogers* v. *Dutton*, 182 Mass. 187, 189. *Corrigan* v. *Bobbs-Merrill Co.* 228 N. Y. 58. *Warren* v. *Hayes*, 74 N. H. 355. *Trentor* v. *Pothen*, 46 Minn. 298.

In the present case, whatever the implied or ostensible powers that might attach to the office of general sales manager in favor of one who had relied on them in doing

business in which Livor had purported to act for the defendant, the judge found that actually Livor was employed "solely to make sales and suggestions" and "had no authority to bind defendant to pay for anything." The printing job which made use of the plaintiff's material was contracted for by "the defendant's officers," not by Livor. Knowledge in this case was not important of itself, but was important only as it gave character or legal consequence to the act of the corporation in using the material. In the circumstances of this case the knowledge of Livor was not to be imputed to the defendant so as to create an obligation upon it resulting from the use of the material. *Solow* v. *General Motors Truck Co.* 64 Fed. Rep. (2d) 105. *Reisan* v. *Mott*, 42 Minn. 49, 51. *Edelstone* v. *Salmon Falls Manuf. Co.* 84 N. H. 315. *Blackburn, Low & Co.* v. *Vigors*, 12 App. Cas. 531. The case of *Cotter* v. *Nathan & Hurst Co.* 218 Mass. 315, is not inconsistent with this, for in that case the agent who acquired the knowledge had been commissioned to discover the truth and report it to the agent who was to act, and the defendant corporation relied on both in the doing of the act which resulted in liability. The requests for rulings require no discussion.

*Order dismissing report affirmed.*