Carr, J.
This is an action of contract in which the plaintiff seeks to recover the sum. of $442.80 for books which it alleges it sold and delivered to the defendant.
. The trial judge deciding for the defendant, disposed of all issues by the finding that “The defendant made no contract with the plaintiff.” The finding is broad enough to cover both express and implied contract. If this finding was warranted obviously the plaintiff cannot recover.
On appeal only the evidence most favorable to the finding is to be considered, DeAngelis v. Boston Elevated Ry. Co., 304 Mass. 461 at p. 461, and the finding of all subsidiary facts essential to the conclusion reached by the judge will be assumed. Adams v. Dick, 226 Mass. 46.
The situation is considered on the assumption that an issue of law as to this question has been reserved.
*190 There is evidence as follows: Lewis, a book salesman obtained a written order for books from Walker who had authority to bind the defendant. The written order, however, is not made a part of this report. No seller was named in the order but Lewi's had said that the books would come from the “Beacon Press” which was known by Walker as a concern which published and sold books. The subjects treated in said books were literature, art, music and biographies and Lewis exhibited about twelve samples of books indicating- that such was the fact.
About 9,380 books actually were shipped to the defendant divided about equally, as to number and subjects, between the defendant’s Portland, Boston, Pawtucket and Woonsocket stores each group accompanied by an invoice for the same from “Williams Book Store” which was the trade name under which' plaintiff did business. Neither “Williams Book Store” nor the plaintiff had any connection with the “Beacon Press.” The name “Williams Book Store” was not mentioned by either Lewis or Walker during their talks. None of the invoices bore the name “National Book :C'o. Inc.”
At the time Walker gave Lewis the order for the books Lewis did not know of any concern by the name “National Book Co. Inc.” and never heard of it until the date of the trial, although he did know that “Williams Book Store” carried on a book business in Boston. Upon hearing that, in the opinion of the managers of three of the defendant’s stores, the books were unsalable because so many were of a religious nature, and that the books came from “Williams Book Store” instead of from the “Beacon Press,” Walker within a week or ten days after the receipt of said books *191 ordered that all said books be returned and they all were returned to “Williams Book Store.”
The “Williams Book .Store” refused to accept the books and returned them to the defendant’s four respective ■stores. When the returned books came back to the Pawtucket store, the store manager placed them on sale to get back the money paid for them by the defendant through inadvertence and oversight. All other books the defendant holds subject to plaintiff’s order.
All the foregoing became established facts by finding of the trial judge.
There was also evidence not made a part of the judge’s finding and obviously not believed by him .tending to show that Lewis had been engaged by Williams Book Store on a commission basis to sell the books for Williams Book Store, and that the written order signed by Walker was given by him to Lewis and by Lewis to Williams Book Store. The judge was not required to believe this evidence (Devine v. Murphy, 168 Mass. 249). It does not appear from what witness this evidence came. Lewis’ testimony already quoted from the Judge’s finding went no further than to state that “he did know that Williams Book Store carried on a book business in Boston.” As the record stands it is striking that the man who ought to have known his principal if he had one was not called upon by the plaintiff to disclose him (cf. McDonough v. O’Neil, 113 Mass. 92, 96).
The first question to decide is whether the trial judge was required to find an express contract between plaintiff and defendant.
In its brief the plaintiff does not argue for the existence of an express contract. From the facts found by the judge *192 he probably could have inferred that the contract was intended to be with the Beacon Press. However that may be, he certainly was not required to find an express contract with the National Book Company, Inc. The evidence believed by the judge does not explain how the order got into the possession of the plaintiff, (if it did). If the evidence set forth in the last of the report “that the books were publications of the Beacon Press and had been sold by them to Williams Book Store” were to be believed it might be surmised that on selling these books to the Williams Book Store, the Beacon Press by accident or design sent along the defendant’s order. It is not for an appellate court to surmise. An appealing party must set out enough on the record, if the material is available, to enable the Appellate Tribunal to determine whether there was prejudicial error (Vengrow v. Grimes, 274 Mass. 278, 279). The burden is on an appellant to show that he is aggrieved (Martin v. Murphy, 216 Mass. 466, 468).
The next question is whether the trial judge was required to find an implied contract. This is the subject to which the plaintiff devotes the principal part of its brief.
The question is considered first in connection with the situation as it developed up to the time when all the books were sent back to “Williams Book Store” and then returned to the defendant’s various stores. It is then considered as to the situation which developed after the return of the books to the defendant.
It is undoubtedly true where there is evidence that a stranger, with whom a person has had no dealings, ships goods to such person (who may be referred to as a prospect) giving such prospect to understand that payment is expected, and that the prospect receives and uses, or otherwise exercises dominion over, the goods, the assent of the *193 prospect to accept the goods may be inferred and an implied contract found. If the necessary facts are all established it is probable that such a contract must be found. See Restatement Law of Contracts sec. 72 and illustrations.
The pending ease in the situation now considered does not produce such facts. When the defendant found that the books came from the interloping “Williams Book Store” and that they included books of a religious nature, every one was returned. Neither the slight handling of the books, nor partial payment, before the true situation was discovered, impaired the right to return. Gottman v. Jeffrey-Nichols Co., 268 Mass. 10, 12. Nor could it be ruled under all the circumstances, that ten days was an unreasonable time to keep the books, cf. Gottman v. Jeffrey-Nichols Co., supra, Orr v. Keith, 245 Mass. 35, 39. The plaintiff relies on Bearce v. Bowker, 115 Mass. 129, Hobbs v. Massasoit Whip Co., 158 Mass. 194, 197, Barnes v. Shoemaker, 112 Indiana 512.
The pending case is not the Bearce case which was decided on an agreed statement of facts which showed that the defendant, knowing that the lumber came from the plaintiff who expected to be paid for it, nevertheless kept and used it.
This is not the Hobbs case which held that conduct which imports acceptance may be found to be acceptance. The trial judge had instructed the jury: — “You would be warranted in finding for the plaintiff, on that state of things”. The parties had had previous dealings and there was an outstanding offer at least for similar merchandise. The merchandise remained some months in that defendant’s place of business. The opinion lays stress on the retention under these circumstances for an unreasonable time.
*194 This is not the Barnes case. In that ease, as stated in plaintiff’s brief, the facts were established that the defendant received and accepted the books and also received a letter from the plaintiff explaining how the order came to be filled by him and enclosing an invoice. The court however made a statement in regard to interlopers, stronger perhaps than any found in our Massachusetts opinions. The quotation is from the plaintiff’s brief. “The right of a party to select his own patrons, or to determine with whom he will deal, can not be frustrated by a mere interloper, who fills an order never sent to nor intended for him, without the knowledge or consent of the person to whom the goods are supplied.”
Clearly none of these cases would require the finding of an implied contract on evidence which the trial court could believe or reject.
Whatever was said in the Barnes case about the authority of a clerk or agent to receive notice or accept merchandise, in this jurisdiction it is not the law that any clerk or agent may thus take notice.for or bind an employer. The Stetson Press, Inc. v. The Bunsen Oil Burner Corp., 285 Mass. 291, 293, 294.
The question is now considered in connection with the situation which developed after the books having been rejected by the defendant and shipped back to the “Williams Book Store” were returned to the defendant. The only new element that might change the situation is the fact that the Pawtucket manager put the books returned to his store on sale to get back the purchase price which the defendant by inadvertence and oversight had paid to the plaintiff.
*195 Assuming (and this seems to be the result of the plaintiff’s contentions) that the defendant was then in the position of a rescinding buyer, on refusal and return to it of the books it became an unwilling bailee. Considering what the plaintiff had tried to do to the defendant, the latter ought not to be in any worse position than such rescinding buyer. Having paid a part of the purchase price, the defendant if in the position of a rescinding buyer would have a lien to secure the repayment of the portion of the price paid and the right of sale to obtain not only the portion of the price paid but the reasonable expense incurred in keeping and caring for the goods and in selling them.
This right, in the assumed situation, is given by the Sales Act (Gen. Laws. (Ter. Ed.) ch. 106) in section 58(5); 42c; 49(3) (4) (5) (cf. sec. 39) and see Williston Sales 2nd ed. sections 497 and 498 and section 610 paragraph p. 1530.
In the final analysis the position of the defendant never arose above that of bailee. It never had any contractual relation, as to the purchase of the books, either express or implied, with the plaintiff who on the facts found by the trial judge was an interloper, dropping the books into the defendant’s possession or custody without permission. If nothing more had happened, the defendant would not have been required to take any action. This is stated in the case of Hobbs v. Massasoit Whip Co., 158 Mass. 194 supra. The charge of the judge to the jury in that case intimated that if goods were sent to the defendant, whether there was prior contract or not, and the defendant lay back and did nothing, the jury could find a contract. The opinion holds that this is not the law, saying p. 197 “Standing alone, and unexplained, this proposition might seem to imply that one stranger may impose a duty upon another, and make *196 him a purchaser, in spite of himself, by sending goods to him, unless he will take the trouble, and be at the expense of notifying the sender that he will not buy. But ... we do not understand that to have been the meaning of the judge, and we do not think that the jury can have under? stood that to have been his meaning.” cf. Williston Contracts Rev. Ed. sec. 91.
Up to the time of shipping back the books to the Williams Book Store, the only acts of the defendant in regard to the books which the court found were inspecting them, and due to inadvertence and oversight, paying for a part of them. It is doubtful if such acts would warrant a finding of acceptance but probably it was a wise precaution for the defendant to ship them back to negative any possible inference. This it did and on refusal and return its position remained that of an involuntary bailee, more unwilling perhaps than in the first place. By this time at least it was perfectly clear that the defendant had no intention of contracting with the plaintiff. Any ground for inferring assent to a contract had reached the vanishing point. In this situation the defendant in its Pawtucket store began selling books to get back the price it had inadvertently paid. Acceptance from a so-called offeree’s exercise of dominion is to be inferred only in the absence of other circumstances showing a contrary intention. Restatement Law of Contracts, sec. 72(2) see also Illustration 7. See Massachusetts Annotations of said Work sec. 72 subsection(2) citing Kittridge v. Peaslee, 3 Allen 235, Pittsburgh Plate Glass Co. v. MacDonald, 182 Mass. 593.
The contrary intention appeared here. The sale was definitely to get back money paid for them. At most a question of fact as to the inference to be drawn was presented *197 for the trier of facts; if so it was found against the plaintiff.
The duties of such a bailee are fixed by law. Though it be assumed that the defendant did not have the right of sale given by the Sales Act to a rescinding buyer who has paid on account of the purchase price, it is clear that if any liability arose as the result of the sale it is not subject to redress in this action for the price of the books. Bather the claim of the plaintiff, if any, is in tort for conversion or, if in contract, for breach of an implied agreement to hold the books for the owner. The defendant would then be left to separate action or set off, as the case may be, to get back what it has paid. cf. Williston Contracts, Bev. Ed. see. 1038A. cf. Dobel Bailments & Carriers, secs. 22, 23.
Although the foregoing has disposed of all issues raised by this appeal some attention may be given to the form of the requests for rulings on which the plaintiff relies.
At the end of a trial where no facts are settled by agreement or otherwise, the trial judge has before him a mass of evidence to be weighed by him in order -that he may determine the facts of the case. It is his duty to adopt correct rules of law for his guidance and to follow these rules in deciding the ease. Upon proper requests he must disclose the rules he has adopted for his guidance. Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 219. He cannot be required to rule that facts exist where their determination depends upon the weight he is to give the evidence. The weight to be given to the testimony of a witness is exclusively for the trier of facts. Codman v. Beane, 312 Mass. 570, 572, 573. Hill v. West End Street Railway, 158 Mass. 458. This is so even if the testimony is not contradicted. Cosman v. Donovan, 282 Mass. 224, 228.
*198 Neither an agent nor an employee of an individual or corporation, without special showing, has authority either in or out of court to make admissions to hind his employer at least as to past events. Parsons v. Dwightstate Co., 301 Mass. 324, 327. Such person in court is just another witness to be believed or not as the trier of facts shall determine. Hill v. West End Street Railway, supra, cf. Flynn v. First National Stores, Inc., 296 Mass. 521, 522. Thus the trial judge could not have been required to instruct himself that “the plaintiff is entitled to recover”. Howard v. Malden Savings Bank, 300 Mass. 208, 211. And requests 2 and 3 based on assumed facts not necessarily to be inferred as matter of law from the evidence could not have been given. Carnes v. Howard, 180 Mass. 569, 572. Bradley v. Meltzer, 245 Mass. 41, 43. Report dismissed.