SAMUEL LIBBY *vs.* IVERS AND POND PIANO COMPANY.

Suffolk.    November 6, 1944. — January 4, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Broker,* Commission.    *Proximate Cause.*

Evidence warranted a finding that the efforts of a real estate broker, who was hired by a landowner to procure a lessee and who learned of a prospective lessee, showed him the premises from the street, "worked on" him thereafter and disclosed his name to the landowner, were the efficient cause of a lease later negotiated, without the broker's knowledge, between the landowner and such prospective lessee through their own employees.

CONTRACT.    Writ in the Superior Court dated September 24, 1941.

The action was tried before *Baker,* J.

*S. L. Kaplan,* for the defendant.

*E. M. Dangel,* (*L. E. Sherry* with him,) for the plaintiff.

LUMMUS, J.    The plaintiff got a verdict upon a count for a real estate broker's commission in procuring a lease made on February 26, 1941, of part of the defendant's real estate in Cambridge for five years to Paramount Coat Company, a partnership composed of Louis Freedman and Max Cohen. The only exception is to the denial of the defendant's motion for a directed verdict in its favor.

The evidence in favor of the plaintiff may be summarized as follows.    One Pond was the "actual, active and dominating head" of the defendant corporation, but one Elms, his assistant, was empowered to attend to all details of negotiating leases of real estate, except the final acceptance of the terms arranged by negotiation.    Both Pond and Elms knew that the plaintiff was a real estate broker.    As such the defendant had paid him a commission in December, 1939, for procuring a lessee for part of its real estate.    After that Elms asked him to procure lessees for other parts, and knew that he was trying to do so until shortly before Feb-

ruary 26, 1941. Elms told him the defendant was asking twenty-five cents a square foot for space, but would accept less. The plaintiff learned that the Paramount Coat Company wished factory space, and showed them various places. As early as October, 1940, he showed them the defendant's place from the street, and told them about it. They did not go in, saying that they objected to the absence of an elevator, but that if they could find nothing better they might accept it. The plaintiff told Elms at different times afterwards that he was working on the Paramount Coat Company, which was true, and Elms told him to keep on trying. Elms said that he wished to take the matter up with the Paramount Coat Company personally, and the plaintiff assented. The plaintiff never introduced the Paramount Coat Company to Elms, and never showed them the inside of the building.

Early in February, 1941, the Paramount Coat Company told the plaintiff that they were about to sign a lease of a different factory. The plaintiff argued with them that the defendant's space was more desirable.

In fact, the Paramount Coat Company had visited Elms in January, 1941, and talked about leasing space. Early in February a lease was arranged, although it was not signed until February 26, 1941. No one told the plaintiff of any such negotiations. The defendant paid one of its own employees and an employee of the Paramount Coat Company $300 for bringing the parties to the lease together.

Upon the evidence, the plaintiff's efforts could have been found to have been the efficient cause of the lease. *Sherman* v. *Briggs Realty Co.* 310 Mass. 408. *Beck* v. *Warren Institution for Savings*, 312 Mass. 315. *Haney* v. *Beaton*, 314 Mass. 677. It need not be shown that when the defendant signed the lease it knew that the plaintiff was the efficient cause. *Provost* v. *Burgin*, 287 Mass. 273, 275. Brokers have recovered commissions where they took no part in the negotiations, never saw the customer, and did nothing except advertise the property. *Gleason* v. *Nelson*, 162 Mass. 245. *Maloon* v. *Barrett*, 192 Mass. 552. *Green* v. *Warren Institution for Savings*, 312 Mass. 307, 308. The

fact that the rent differed from that stated to the plaintiff did not prevent recovery. *Green* v. *Warren Institution for Savings*, 312 Mass. 307, 308. It could not be ruled as matter of law that the efforts of the plaintiff had definitely failed, and that new and independent efforts of the defendant or others were the efficient cause of the lease, as in *Glendon* v. *Pyne*, 275 Mass. 528, *Kacavas* v. *Diamond*, 303 Mass. 88, and *Berwin* v. *Gable Raincoat Co.* 311 Mass. 483. Neither could it be ruled as matter of law that the plaintiff was employed by the lessees.

*Exceptions overruled.*