ISRAEL SIEGEL *vs.* SAMUEL L. LOWE & another.

Suffolk. February 8, 1951. — March 6, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Broker,* Commission. *Proximate Cause.*

A finding that a real estate broker was the efficient cause of a sale of certain property and was entitled to a commission was warranted by evidence that, after the owner of the property had hired him to sell it, he interested a customer in it and told the owner the customer's name, that shortly afterwards the broker learned that the customer had bought the property, and that, if the owner ever withdrew the property from the market, he did so only after he knew that the customer had been interested in it by the broker.

CONTRACT. Writ in the Superior Court dated January 30, 1948.

The action was tried before *Smith,* J.

*E. M. Dangel,* (*L. E. Sherry, M. H. Golburgh,* & *C. J. Austin* with him,) for the defendants.

*P. J. Dolan,* for the plaintiff.

LUMMUS, J. This is an action by a real estate broker for a commission. The real estate in question stood in the

name of Martha Hurwitz, who held title for Fall River Consolidated Enterprises, Inc. It was sold on February 16, 1948, to one Max R. Cohen, pursuant to an agreement dated December 23, 1947. The jury returned a verdict for the plaintiff, and the only exception of the defendants is to the denial of a motion for a directed verdict in their favor.

The evidence for the plaintiff may be summarized as follows. In December, 1947, the defendant Lowe, being informed that the plaintiff was a broker, gave him a price for which the property was to be sold. Lowe gave the plaintiff a statement of the income and expenses of the property, and told the plaintiff what his commission would be for selling it. One Weinberg, an associate of the plaintiff, saw the purchaser Cohen, who told Weinberg that he would let Weinberg know whether or not he would buy. Afterwards the plaintiff talked with Lowe on the telephone, and mentioned Cohen's name as a possible buyer, whereupon Lowe, the plaintiff testified, said that he was taking the property off the market. A week or ten days later the plaintiff learned that Cohen had bought the property.

The only question is whether there was evidence warranting a verdict for the plaintiff. The plaintiff had to prove that his efforts were the efficient cause of the sale to Cohen. He did not have to be present at the sale, or cognizant of it at the time, and its terms need not be the same as those given to the broker. *Green* v. *Warren Institution for Savings*, 312 Mass. 307. *Libby* v. *Ivers & Pond Piano Co.* 317 Mass. 478. *Corleto* v. *Prudential Ins. Co.* 320 Mass. 612, 617. *Chapin* v. *Ruby*, 321 Mass. 512. *Thornton* v. *Forbes*, 326 Mass. 308. The jury could find that the plaintiff's efforts, though not extensive, were the efficient cause of the sale to Cohen.

The plaintiff testified that the defendant Lowe withdrew the property from the market. But it could have been found that he did so only after he knew that Cohen had been interested in it by the plaintiff. Lowe could have been found to have acted in bad faith, with the design to avail himself of the plaintiff's services without paying him.

*O'Connell* v. *Casey,* 206 Mass. 520, 528. *Elliott* v. *Kazajian,* 255 Mass. 459, 464. *Waters* v. *Pacific Wool Products Co.* 268 Mass. 83, 87–88. *Brooks* v. *Gregory,* 285 Mass. 197, 205. Moreover, Lowe's testimony was that he never did withdraw the property from the market, and if the jury believed that no question of withdrawal would remain in the case.

*Exceptions overruled.*