PEERLESS CASUALTY COMPANY *vs.* MARINUCCI BROS. & CO. INC.

Suffolk.    November 4, 1957. — February 5, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Contract,* Of indemnity.    *Surety.    Practice, Civil,* Appellate Division: appeal.

An appeal from a final decision of an Appellate Division, ordering dismissed a report of a second trial of an action had pursuant to a previous decision by it ordering a retrial, brought to this court for review both the first and second decisions. [694]

Under a contract of indemnity with a surety company whereby a building contractor and a second indemnitor agreed that they would indemnify the company "from and against any and all claims, demands . . . counsel fees . . . [and] expenses . . . that . . . [the company] shall or may for any cause at any time sustain or incur by reason of or in consequence of" a labor and material payment bond and a performance bond executed simultaneously by the company as surety and

by the building contractor as principal in favor of an association for whom the building contractor had agreed to erect a building, the company was entitled to recover from the second indemnitor a reasonable amount paid as counsel fees and expenses to an attorney for services in investigating and adjusting the situation brought about by a default of the building contractor on his agreement with the association and in protecting the interests of the company, whether such services were rendered before or after the second indemnitor entered into a contract with the association to complete the building.   [694–695]

CONTRACT.   Writ in the Municipal Court of the City of Boston dated August 15, 1952.

The action was heard at the first trial by *Tomasello, J.,* and at the second trial by *Adlow, C.J.*

*James F. Sullivan,* for the defendant.

*Anthony G. Muello,* for the plaintiff.

COUNIHAN, J.   This is an action of contract brought in the Municipal Court of the City of Boston in which the plaintiff seeks to recover in count 1 of its declaration upon an account annexed and in count 2 under a contract of indemnity, for counsel fees and expenses it had incurred as surety for a builder upon certain bonds.

There was evidence that on May 11, 1949, Matthew Cummings & Son, hereinafter called Cummings, executed a contract with the Chinese Merchants Association, Inc., hereinafter called the Association, to erect a building for the Association in Boston for the sum of $742,600.   In connection with this contract the plaintiff, hereinafter called Peerless, as surety, together with Cummings, the contractor, on August 9, 1949, executed in favor of the Association a labor and material payment bond in the sum of $371,300 and a performance bond in the sum of $742,600.   By the terms of the performance bond, if Cummings should be in default of any of the terms of the building contract with the Association, Peerless could remedy the default or at its option could complete the building construction contract or arrange for such completion and be liable for any difference between the contract price and the actual cost of completing the building, if it should be in excess of the contract price.

On August 9, 1949, the same date on which the surety

bonds were executed, the contract of indemnity which is the basis of this action was executed and delivered to Peerless by Cummings and the defendant, sometimes hereinafter called Marinucci. In clause 3 of the indemnity contract Cummings and Marinucci agreed that they "shall and will at all times, indemnify and keep indemnified . . . [Peerless] from and against any and all claims, demands . . . *counsel fees* . . . [and] *expenses* . . . that . . . [Peerless] *shall or may for any cause at any time sustain or incur by reason of or in consequence of the said bonds* . . ." (emphasis supplied).

On February 2, 1951, the Association notified Peerless that Cummings was in default of the terms of the building contract. Earlier Peerless had caused Mr. Mulready, an attorney, to investigate and report concerning the difficulties of Cummings. Between January 15 and March 8, 1951, Mr. Mulready engaged in many conferences with representatives of the Association, Cummings and Marinucci in an endeavor to find a satisfactory solution of the situation. As a result largely through the efforts of Mr. Mulready, on March 8, 1951, Marinucci and the Association entered into a contract to complete the building. There were also outstanding bills for materials already furnished and moneys due subcontractors for work already done or to be done in order to complete the job. For this purpose the Association put $218,795.42 into a bank account to be disbursed by five trustees, one of whom was Mr. Mulready, another the attorney for the Association, two others were officers of the Association, and another the attorney for Marinucci. Marinucci completed the contract and on December 1, 1951, the building was accepted by the Association.

None of the trustees was paid anything out of the money put up by the Association. Mr. Mulready and his cotrustees approved bills for materials and bills from subcontractors to complete the job, settled claims for extras, and adjusted all disputes which arose during the completion of the job. For such work and his services in investigating and adjusting Cummings's financial situation during the period from

January 15, 1951, to December 1, 1951, Mr. Mulready was paid $4,000 by Peerless. It is this sum which Peerless seeks in this action to recover from Marinucci under the agreement of indemnity.

The judge at the first trial permitted the plaintiff to recover only the sum of $500 for counsel fees incurred by the plaintiff during the period from February 2, 1951 (when the Association notified Peerless of Cummings's default in the building contract), to March 8, 1951, when the new contract for completion was entered into by the Association and Marinucci. Upon a claim of report by both the plaintiff and the defendant to the Appellate Division it was ruled that certain rulings of the judge were in error. The finding for the plaintiff was vacated and the case was remanded for a retrial on the issue of damages only.

At the second trial the judge restricted the issues to the question of damages and found for the plaintiff in the sum of $4,000 which it had paid Mr. Mulready for counsel fees and services for the period between February 2, 1951, and December 1, 1951.

Upon a report claimed by the defendant after the second trial the Appellate Division dismissed the report. We do not deem it necessary to recite the requests for rulings and the action of the judge upon them at either trial. It is apparent that they were all based upon a misconception of the plaintiff's claim. It is enough to say that we find no error in either the first or the second order of the Appellate Division which disposed of such requests.

The appeal from the order of the Appellate Division after the second trial properly brings here for review both orders of the Appellate Division. *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 125–130. *Redfield* v. *Abbott Shoe Co.* 335 Mass. 208. *Via* v. *Asbestos Textile Co. Inc.* 335 Mass. 210.

The defendant argues that because a new contract was entered into between the Association and the defendant on March 8, 1951, all obligations of the plaintiff as surety on the performance bond and the labor and material bond ter-

minated. The defendant ignores the fact, however, that this action is for a breach of the contract of indemnity between the plaintiff, Cummings and Marinucci which was executed simultaneously with the execution by the plaintiff and Cummings of the performance bond and the labor and material bond. Because of the default of Cummings in respect to either or both of these bonds the plaintiff is entitled under the terms of the indemnity agreement to be reimbursed for whatever moneys it reasonably expended for counsel fees for investigation and adjusting the situation occasioned by the default of Cummings. *Century Indemnity Co.* v. *Bloom,* 325 Mass. 52, 56.

In clause 3 of the indemnity agreement the defendant bound itself to indemnify the plaintiff for any counsel fees and expenses which the plaintiff might *"for any cause at any time* sustain or incur by reason of or in consequence of" (emphasis supplied) the performance bond and the labor and material bond. It is plain that the broad language of clause 3 manifests an intention to provide comprehensive protection to the plaintiff for any losses which it might sustain because of its obligations on these surety bonds. *Curtis* v. *Banker,* 136 Mass. 355, 359. *Hartford Accident & Indemnity Co.* v. *Casassa,* 301 Mass. 246, 255. Compare *Calamita* v. *DePonte,* 122 Conn. 20, 27.

The expenses and counsel fees paid to Mr. Mulready were properly recoverable by the plaintiff for the plaintiff's liability as surety on the performance bond and the labor and material bond did not terminate when the contract was entered into between the Association and Marinucci. It was always possible that the entire cost of completing the building might exceed the $742,600 named in the original building contract so that Peerless might have been required to pay any excess to the Association. Peerless therefore acted reasonably in employing Mr. Mulready to protect its interest and the judge in the second trial apparently found that $4,000 was not an unreasonable sum for such services. Such sum is recoverable under count 2 of the plaintiff's declaration so that we need not determine whether the whole

or any part of such money is recoverable under count 1 and count 3 added by amendment after the first decision of the Appellate Division.

*Orders of Appellate Division affirmed.*