GRACE E. BUTLER *vs.* JUNE CROMARTIE & another.

Suffolk.   December 4, 1958. — April 8, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division:
appeal; New trial. *Negligence,* Motor vehicle.

A request for a ruling in a tort action in a District Court that "the de-
fendant was not negligent" was a request for a finding of fact and was
not the proper subject of a report to the Appellate Division.   [5–6]

Evidence that before entering an intersection of two streets one night in
her automobile the plaintiff came to a full stop, looked to her left and
observed no oncoming vehicle and that when halfway across the inter-
section her automobile was struck on the front of its left side by the
front of an automobile operated on the intersecting street by the de-
fendant without lights warranted a finding of negligence on the part of
the defendant.   [6]

Where, after a finding for the plaintiff in an action in a District Court,
the Appellate Division on a report erroneously ruled that there had
been error prejudicial to the defendant, vacated the finding for the
plaintiff, and ordered a new trial, this court, on appeal by the plain-
tiff from a final decision of the Appellate Division dismissing a report
of the second trial at which a finding was made for the defendant, re-
versed the Appellate Division's decision on the first report and ordered
the finding for the plaintiff in the District Court restored and the de-
cision of the Appellate Division on the second report vacated;   the
erroneous ruling of the Appellate Division on the first report vitiated
the second trial and all proceedings arising out of it.   [6]

An appeal from a final decision of an Appellate Division of a District
Court dismissing a report of a second trial of an action had pursuant
to a previous decision by it ordering a new trial brought to this court
for review both the first and second decisions.   [6]

TORT.   Writ in the Municipal Court of the Roxbury Dis-
trict dated December 8, 1955.

The action was heard at the first trial by *Taylor,* J.

*Sumner Darman,* for the plaintiff.

*Gabriel Kantrovitz,* for the defendants.

COUNIHAN, J.   This is an action of tort in which the
plaintiff seeks to recover for personal injuries resulting from
a collision of two automobiles, one being owned and operated

by the plaintiff and the other being owned by June Cromartie and operated by Joseph Cromartie on the business of June. Joseph Cromartie is hereinafter called the defendant. The action was tried twice, each trial being before a different judge of the Municipal Court of the Roxbury District.

There was evidence at the first trial that the accident occurred shortly before midnight on November 12, 1955, at the intersection of West Brookline Street and Washington Street in Boston. Before entering the intersection from West Brookline Street the plaintiff came to a full stop. She looked to her left and observed no oncoming vehicle on Washington Street. When halfway across the intersection her automobile was struck on the front of its left side by the front of the automobile which the defendant was operating on Washington Street. There was further evidence that the automobile which the defendant was operating was travelling without lights.

At the close of the testimony and before argument at the first trial the defendants filed five requests for rulings of which we consider those numbered 2 and 5. They read, (2) "The defendant was not negligent" and (5) "Whereas the plaintiff testified that she did not see the defendant vehicle until after she was hit and further testified that the streets were adequately lighted, she is barred from recovery because of contributory negligence." The judge found for the plaintiff and denied request numbered 2. He denied request numbered 5 and added "I find the plaintiff was not negligent."

The defendants claimed a report to the Appellate Division which recited that it "contains all evidence . . . material to the questions reported." The Appellate Division ruled that there was prejudicial error in the denial of request numbered 2, vacated the finding for the plaintiff, and ordered a new trial. We are of opinion that the action of the Appellate Division was erroneous.

The second request, that "The defendant was not negligent," in form imports that it was directed to a finding of fact. "It was not phrased in appropriate words to express a

request for a ruling of law.   If that had been intended, the natural expression and the established practice would have been to ask for a ruling to the effect that the evidence would not warrant a finding of negligence in causing the injury to the plaintiff." *Castano* v. *Leone,* 278 Mass. 429, 430–431.

The effect of the general finding for the plaintiff is that the defendant was negligent.   It cannot be said that this finding was unsupported by the evidence.   A party may claim a report to the Appellate Division only with respect to a ruling of law and not to a finding of fact.   G. L. c. 231, § 108, as amended through St. 1949, c. 683.

The order of the Appellate Division with respect to the first trial must be reversed and the finding for the plaintiff in the District Court must be restored.   *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 125, 134.

After the order of the Appellate Division when this action first came before it there was a new trial in the District Court and a finding was made for the defendants.   The plaintiff then claimed a report to the same Appellate Division which dismissed that report.   The appeal from the order of the Appellate Division after the second trial properly brings here for review both orders of the Appellate Division.   *Peerless Cas. Co.* v. *Marinucci Bros. & Co. Inc.* 336 Mass. 691, 694.

Inasmuch as the action of the Appellate Division with reference to the first report was error and we have restored the finding of the judge for the plaintiff, we do not consider the second report or the action of the Appellate Division on it.   The new trial ordered by the Appellate Division on the first report and all proceedings arising out of it are vitiated by that error.   *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 125, 134.

> *Order of Appellate Division on the second report vacated.*
> *Order of Appellate Division on the first report reversed.*
> *Judgment to be entered on the first finding of the Municipal Court for the Roxbury District.*