*Southern Division*

**GEORGE A. FRANKLIN**

v.

**ALBERT H. NELSON**

*Present:* Nash, P. J., Callan, & Sgarzi, JJ.

Case tried to *Casey, J.,* in the Municipal Court of West Roxbury. No. 21033.

*Callan, J.* In this action of tort to recover for the damage to the plaintiff's automobile, which allegedly resulted from the defendant's negligence, the plaintiff's evidence showed that within 50 to 60 feet of the point where the car owned and operated by the plaintiff came in contact at the intersection involved with the car owned and operated by the defendant, the plaintiff brought his car to a stop to allow cross traffic through; he started his vehicle and when about 30 or 40 feet from the point of impact observed the defendant's vehicle about 50 yards away on the intersecting way to his right. He did not see the defendant's car again until he, the plaintiff, was in the intersection and about 10 feet from the point of collision, at which time the defendant's car was about 50 feet away and proceeding about 40 miles per hour. The plaintiff applied his brakes and the right front of the plaintiff's car came in contact with the left rear of the defendant's car which traveled 20 to 30 feet after the impact.

The defendant introduced evidence that he stopped his vehicle at the intersection; that he looked to his left and could see a distance of 100 to 150 feet. He started to proceed into the intersection at the same time as did two other vehicles on his left which pulled ahead of him; that he did not see the plaintiff's car until it was two car lengths away in the inter-

section. The plaintiff was traveling about 40 miles per hour. Damage to the defendant's car was at the rear left fender.

The only material request for ruling of the plaintiff is "the plaintiff was not guilty of contributory negligence". Upon denying this, the judge found for the defendant. No finding of facts was made by the judge.

The evidence was conflicting as to the facts and circumstances of the happening of this accident and generally where there is a collision of vehicles at an intersection of streets, the due care of the plaintiff and the negligence of the defendant are questions of fact for determination by the judge. *Bresnick v. Heath,* 292 Mass. 293, 297; *Keyes v. Checker Taxi Company,* 275 Mass. 461; *Harlow v. Corcoran,* 290 Mass. 289; *Walsh v. Wilson,* 281 Mass. 78.

The form of the request for ruling imports that it was directed to a finding of fact. It was not phrased in appropriate words to express a request for a ruling of law. If that had been intended, the natural expression and established phrasing would have been to ask for a ruling to the effect that the evidence would not warrant a finding of negligence on the plaintiff's part which contributed to his damage complained of.

The mere circumstance that the plaintiff's request was described as a "request for ruling" does not transform it into a request for a ruling of law. Its nature must be determined from the essentials and not from

its name. *Castano v. Leone,* 278 Mass. 429; *Gibbons v. Denoncourt,* 297 Mass. 448, 457.

■ The judge was not obligated to find as a fact that the plaintiff was free of negligence. The burden of proof rested on the defendant. By denying the request, the judge impliedly found as a fact that the plaintiff was negligent and this contributed to his damage. This finding must stand if it can be supported by any reasonable view of the evidence. *O'Toole v. Magoon,* 295 Mass. 527; *McKenna v. Andresi,* 292 Mass. 213; *Codman v. Bean,* 312 Mass. 570. It cannot be said that this finding was unsupported by the evidence. *Butler v. Cromartic,* 339 Mass. 4.

■ A party may claim a report to the Appellate Division only with respect to a ruling of law and not to a finding of fact. G. L. c. 231, §108 as amended. There is no error and an order is to be entered dismissing the report.

Sumner Darman of Boston, for the Plaintiff.
James R. Brown, Jr. of Boston, for the Defendant.