*Northern District*
No. 5872
**ABRAHAM ROSENGARD, DBA**
**v.**
**MOLDERS FOUNDRY CO., INC.**
**and**
**MIDDLESEX COUNTY NATIONAL BANK,**
**TRUSTEE**
June 17, 1964

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Whitney, J.* in the District Court of Lowell. No. 756 of 1963.

*Connolly, J.* This case involved a commission alleged to be due the plaintiff, a real estate broker, as a result of a sale of certain real property owned by the defendant.

At the close of the evidence, the plaintiff filed the following requests for rulings:

1. On the evidence, the plaintiff was the efficient cause of the sale of the premises owned by the defendant to Webber Lumber Company and is entitled to a commission.

2. If the plaintiff introduced Webber Lumber Company to the defendant and showed the premises being sold by the defendant to a representative of Webber Lumber Company, and at a later date the defendant and Webber Lumber Company executed an agreement for the purchase of said premises without notifying the plaintiff, and up to that time the plaintiff was continuing to bring prospective customers to said premises, the defendant is estopped from claiming that the plaintiff abandoned Webber Lumber Company, as a customer. *Pacheco v. Madeiras,* 292 Mass. 416.

3. On all the evidence, the defendant is estopped from claiming that the Webber Lumber Company was not the customer of the plaintiff.

4. If the plaintiff was the efficient cause of the sale, he is not precluded from recovering his commission by the fact that the sale was completed through a second broker. *Pacheco v. Mareiras,* 292 Mass. 416.

5. If the plaintiff was the efficient cause of the sale, he is entitled to a commission and he need not have been present at sale, or cognizant

of it at the time, and its terms need not have been the same as those given to the plaintiff. *Siegal v. Lowe,* 327 Mass. 154.

The trial judge summarized the evidence and made the following:

"I find that:

The plaintiff is a duly licensed real estate broker with a principal place of business in the City of Lowell and has been in the real estate business in Lowell and the surrounding communities for approximately twenty years.

Sometime in *March of 1962,* the plaintiff and his agent, one Calman Hoffman visited the premises of the defendant in the town of Chelmsford and inquired of the treasurer of the defendant corporation, one Bernard P. McArdle, if the said premises were for sale, Mr. McArdle told Mr. Hoffman that the premises were for sale, but that the defendant was having the said premises appraised and therefore, he, Mr. McArdle, could not at that time set an asking price for the property. Mr. McArdle further stated, however, that it would be all right for the plaintiff to go ahead and look for a prospective customer. Mr. McArdle was at all times duly authorized to act for the defendant with respect to the sale of the premises in question. The premises in question consisted of 1.9 acres of land in Chelmsford with two buildings and a shed thereon.

Sometime between *March and August of 1962,* Mr. McArdle advised the plaintiff that the property had been appraised for $25,000 and that this amount was the *asking price.* Mr. McArdle had also listed, upon behalf of the defendant, the

property with ten or a dozen other real estate brokers who did business in the greater Lowell area.

In *August of* 1962, the plaintiff or his agent had a telephone conversation with respect to purchasing the property with Mr. Raymond Price, Vice President and General Manager of the Webber Lumber and Supply Company. The Webber Lumber and Supply Company, hereinafter referred to as the Webber Company, had a place of business in Lowell, but its main office was in the city of Fitchburg. As a result of this telephone conversation, on August 6, 1962, Mr. Price, in the company of the plaintiff and his agent, Mr. Hoffman, visited the premises of the defendant in Chelmsford. There, the plaintiff introduced Price to Mr. McArdle and advised the latter that the Webber Company was a prospective customer. Mr. Price, together with the plaintiff and his agent, Hoffman, examined the premises, but Mr. McArdle did not accompany them.

On that same day, *August 6,* 1962, after the examination of the premises, the plaintiff advised Mr. Price that he thought the premises could be purchased for $20,000 but this statement was not made in the presence of Mr. McArdle or any other agent of the defendant. On this date, Mr. Price never made any offer whatsoever for the property.

*On August* 8, 1962 the plaintiff or his agent, telephoned Mr. Price at his office in Fitchburg and inquired if the Webber Company was interested in buying the premises in question. Price answered that the Webber Company might be

but that, at the moment, the said company was more interested in acquiring a new installation in the area of the city of Lawrence.

Following this conversation, there was no further communication about the premises in question between the plaintiff or his agents and any representative of the Webber Company until after the sale of the property to the Webber Company.

*After August* 8, 1962 the plaintiff and his agent continued to show the defendant's premises to other prospective customers but never produced a buyer ready, willing and able to purchase the property although the *asking price* was lowered by the defendant to $20,000 and then to $18,000 and the plaintiff and the other real estate brokers with whom the property was listed were so advised.

*On or about the first of October,* 1962, Mr. Price, acting for the Webber Company asked a real estate brokerage firm in Fitchburg, Legros, Inc. to make a survey in the general area bounded by Manchester, New Hampshire, Gardner, Lowell, Lawrence and Haverhill with the object of finding a suitable location for an additional installation of the Webber Company.

In making this survey, one Victor Legros, acting for Legros, Inc., inspected the property of the defendant in Chelmsford in the company of McArdle, having first ascertained from an independent source that Mr. McArdle was the duly authorized agent of the defendant.

In *November of* 1962, Mr. Legros recommended the defendant's premises among others, as being suitable site for the Webber Company's new location.

As a result of the recommendations and efforts of Victor Legros, the Webber Company, in the *latter part of December*, 1962, decided to acquire the premises of the defendant in Chelmsford. Mr. Price, acting upon behalf of the Webber Company, made an offer of $18,000 to Mr. McArdle, the agent of the defendant. The offer was accepted.

*On January* 11, 1963, a purchase and sale agreement was executed between the defendant and the Webber Company and papers were passed on the property on or about *February* 1, 1963. As a result of the sale, the defendant paid Legros, Inc. a commission of six percent, to wit: $1,080.00. After *January* 1, 1963, the plaintiff or his agents had not shown the property in question to any prospective purchasers until *February* 2, 1963 when the plaintiff or his agent showed the property to a prospective customer, one John Carroll. Mr. McArdle was not present, but was advised by telephone of this showing by the plaintiff or his agent. At that time, Mr. McArdle did not notify the plaintiff that the property had already been sold. The plaintiff learned of this later in February of 1963 through independent sources.

The main question in this case is whether or not the plaintiff or his agents were the predominant or primary efficient cause of the sale and thus entitled to a commission. I do not find that this was the case. Legros, Inc., through its agent Victor Legros, was the efficient cause of the transaction. The fact that the plaintiff's agent did show the property to one prospective customer after the property was sold and so advised the defendant's

agent, who, in turn, failed to advise the plaintiff of the sale, is immaterial because by a preponderance of the evidence, it is clear that there was no communication whatsoever between the plaintiff and the Webber Co. for a period of over five months from the time of the last contract between the plaintiff and the Webber Co. and the date of the actual sale.

I find for the defendant.

I rule on the plaintiff's requests for rulings of law as follows:

1. Denied
2. Immaterial
3. Immaterial
4. Allowed—but see findings
5. Allowed—but see findings

There being a finding for the defendant, his requests for rulings of law are treated as waived."

[■■] To recover, the plaintiff must sustain the burden of proof that his services were the efficient cause of the sale. *Kacavas v. Diamond,* 303 Mass. 88 at 92.

■■ The trial judge found that they were not. This was a finding of fact which is not open to review by this Division if there were any evidence at the trial in support of that finding. G. L. c. 231, §108; *Franklin v. Nelson,* 19 Mass. App. Dec. 199; *Butler v. Cromartie,* 339 Mass. 4.

Because the trial judge must be sustained in this critical finding of fact, the disposition of the plaintiff's requests was proper. *The Report is dismissed.*

Patsourakas & Patsourakas, of Lowell, for the Plaintiff.

F. J. Garvey and J. F. Donohoe, of Lowell, for the Defendant.