*Northern District*

No. 6021
**SOUTH BRIDGE BOAT HOUSE**
v.
**WALTER GEISENHAINER**
Filed February 11, 1965

*Present*: Eno, J., Connolly & Parker, JJ.

Case tried to *Whitney, J.* In the District Court of Central Middlesex. No. 21418.

*Connolly, J.* In this action of .contract to recover for repairs, materials and labor according to an account annexed, the trial judge made the following findings:

"In the Fall of 1960 the defendant ordered a new motor. boat from the plaintiff corporation to be delivered to the defendant in the spring of 1961. The defendant paid $1800 deposit for the same, the full purchase price being something in excess of $3,000. It was agreed between the parties that the boat was to have a specified type of mechanical steering. The president and treasurer of the plaintiff corporation, one George Rohan, acted for. the plaintiff in these and all subsequent negotiations con-.cerning this matter.

The boat in question was received by the plaintiff from the Grady White Boats Inc. of Greensville, North Carolina, in April of 1961. However, the boat did not have the mechanical steering system that had been specified. However, by agreement between the parties a substituted type of mechanical steering was installed by the plaintiff and the boat was then delivered to the defendant, the defendant at that time paying the balance of the purchase price. The defendant used the boat for approximately one month and during this period experienced difficulty with the aforesaid

steering mechanism. Therefore, in May of 1961, the defendant redelivered the boat to the plaintiff. It was agreed at that time that the plaintiff would repair the steering mechanism without cost to the defendant. One day in May of 1961, the defendant sent an employee of his, one James Foran, to the plaintiff's place of business, a boat house on the Sudbury River, in the Town of Concord, for the purpose of tuning up the motor in the boat and also with the purpose of urging Rohan to speed up the repairs to the boat. Said Foran was an experienced motor mechanic but had no particular knowledge of boats or their steering mechanism.

Rohan and Foran took the boat out on the Sudbury River. A short distance from the boat house a discussion took place between the two as to how best improve the steering mechanism. Foran, an employee of the defendant, suggested changing some of the cables connecting the rudder to the steering wheel. Rohan objected to this, stating the proposed change would cause the boat to steer in just the opposite direction than intended when the steering wheel was moved. However, Foran, acting as agent for the defendant, insisted on making the change. He, Foran, then proceeded to start up the motor and steer the boat. As a result of the change in the cables that he had made, the boat ran around and extensive damage was caused thereto. At the time

of the accident, Foran was operating the boat and Rohan was sitting near the stern of the boat.

Subsequently, at the defendant's request, Rohan personally took the boat to Grady White Boat Inc. plant in Greensville, North Carolina, where the boat was repaired. There was no agreement that the plaintiff was to assume the cost of these repairs. This was a fair and reasonable price for the repairs. The boat was then redelivered to the plaintiff, who in turn returned it to the possession of the defendant.

Later in the same year, further defects developed in the boat but these had no connection with the events set forth above. The plaintiff made demand on the defendant for the $292.24 which the plaintiff had paid out on the defendant's behalf, but payment was never made.

The item of $91.35 set forth in the plaintiff account annexed, was for boating accessories sold and delivered by the plaintiff to the defendant and for which payment has never been made. This was a fair and reasonable price for the same.

I find for the plaintiff in the amount of $383.59 plus interest from the date of the writ."

The defendant seasonably filed certain requests for rulings of law including the following numbered 1, 6 and 7.

1. The plaintiff is not entitled to recover for the cost of repair work performed on the defendant's boat for the reason that there was no contract between the plaintiff and the defendant by which the defendant agreed to pay for such repairs.
6. The defendant bailed his boat with the plaintiff, and as a result the plaintiff owed the defendant the duty to care for the property to prevent injury to it.
7. On all the evidence, a finding for the plaintiff is not warranted.

The trial judge denied all of the requests of the defendant. In denying request #6, the trial judge stated:

"The plaintiff's agent, Rohan, did all he could to prevent the defendant's agent, Foran, from making the change which caused the damage to the boat."

The denial of these requests numbered 1, 6 and 7 is the basis for the case being reported to this Division.

[1] The findings of fact of the trial judge must stand if supported by any reasonable view of the evidence. *Franklin v. Nelson,* 19 Mass. App. Dec. 199.

[2] Findings of fact as such are not reviewable by the Appellate Division. *Kelsey v. Hampton Court Hotel Co.*, 327 Mass. 150.

The key to any problems posed by this case is the finding, supported by the evidence, that the damage to the boat for which the repair bill was incurred, came about

through the conduct of the agent of the defendant and while the boat was under the control of that agent.

The request of the defendant, that the plaintiff have the boat repaired, under these circumstances, would imply a promise by the defendant to pay for the repairs and support a finding that there was in fact an implied contract between the parties, under which the defendant was obligated to pay the plaintiff the cost of the repairs.

What we have said disposes of the defendant's claim that there was error in the denial of his requests for rulings numbered 1, 6 and 7.

The defendant, in his brief, argues that there was no evidence that the costs of repair were fair and reasonable; that the finding of the trial judge that "this was a fair and reasonable price for the repairs" is not equivalent to finding that the cost was fair and reasonable and if it is equivalent, there was no evidence to support such a finding.

In answer to this, we would say that the witness for the plaintiff, who was President and Treasurer of the plaintiff corporation, as a dealer in boats, had some familiarity with the cost of repairs of boats and might well have qualified as an expert in that respect. His testimony that the plaintiff either paid or obligated itself to pay the repair bill is some evidence that the bill was fair and reasonable.

Finally, there is nothing in the report to indicate that the defendant ever challenged the repair bill as being unfair or unreasonable in amount. The defense was directed at establishing the fact that the defendant was not liable and at no time, until the case reached the Appellate Division, did the defense address itself to the question of damages.

For the reasons stated above, we do not believe that this contention of the defendant is valid. In any event, the defendant cannot avail himself of it for the first time before this Division. If he felt that there was merit in this contention, he should have raised the question by an appropriate request for a ruling of law at the trial.

There being no prejudicial error, the Report is dismissed.

David S. Smith, of Boston, for the Plaintiff.

Stephen A. Hopkins, Sherburne, Powers & Needham, of Boston, for the Defendant.