*Southern District*

## LAWRENCE J. SELIG

v.

## BLAIR P. MELANSON

*Present*: Nash, P. J. & Murphy, J.

Case tried to ————, *J.* in the District Court of Northern Norfolk. No. 50566.

*Murphy, J.* This is an action of contract to recover a real estate commission for the sale of certain property owned by the defendant at No. 82 Hardy Pond Road, Waltham, Massachusetts. The plaintiff did not have an exclusive right of sale.

The defendant authorized the plaintiff to sell the premises in May of 1963 for $15,000 *net*. Thereafter, the defendant added 6% commission to the price and advertised it for sale at $15,900.

Sometime in October of 1963, the defendant notified the plaintiff that he intended to list the premises with other agents, and he testified that he authorized the plaintiff to reduce the sale price to $14,000. The plaintiff testified that the price was then reduced to $13,900. It was also listed, at the same time, with a firm known as Coleman & Son at a *net price* of $14,000.

The plaintiff, about the same time, showed the premises to one Diane Tragakis and Peter W. McDonnell, a couple then engaged to be married. Financial arrangements were discussed; no deposit was made, but there was evidence that the plaintiff stated to the buyer that he could get him a price of $13,500. An appointment was made for the following Saturday for the purpose of showing the

premises to the parents of Miss Tragakis by the plaintiff. On the day of that appointment, no one "showed up", and the plaintiff, thereafter, was unable to get in touch with Miss Tragakis.

Peter W. McDonnell testified in substance that he only discussed conventional financing; that he thought the defendant would take back a second mortgage; that he at no time discussed FHA financing, and that he came to the conclusion that the terms of financing proposed by the plaintiff were beyond the ability of his income, and whether Miss Tragakis liked the property would weigh greatly in his decision to purchase it.

There was further evidence from Miss Tragakis that she did not like certain aspects of the house; that she did not wish McDonnell to buy the premises; that they talked it over with her parents and decided that they would not buy the house, and that he did not make any offer to Mr. Selig at any time.

On or about November 22, 1963, the defendant further reduced the price to $12,900, and so informed the plaintiff and the Coleman firm. On December 2, 1963, a broker by the name of Gilbert employed by the Coleman firm being unaware of their previous visit, brought the buyer McDonnell and Miss Tragakis to the same premises. He was told by them that they had seen the premises with the plaintiff, and that they did not like it and had decided not to buy it. Thereafter, Mr. Gilbert asked them if they would like to see

it again in the daylight and they agreed, stating, however, that they were not interested and giving him the reasons. They visited the property and Mr. Gilbert suggested the removal of a wall, creating one large room out of two and the possibility of extending the existing dormer to allow more headroom at the top of the stairs, he also discussed FHA financing and stated the monthly payment required. Based on these suggestions, the buyer and Miss Tragakis became interested in the premises and on the following day, they visited the place with her parents.

McDonnell, thereafter, agreed to purchase the property for a price of $12,900, and entered into a purchase and sales agreement with the defendant. Both McDonnell and Miss Tragakis testified that prior to their visit to the premises with *Mr. Gilbert, that they had not been interested in purchasing the premises,* and *only motivated by his suggestions,* the *financial terms proposed by him* and a *reduction in the price, did they then become interested* and make a determination to buy the premises.

Neither Gilbert nor Coleman informed the defendant that the premises had been previously shown to the buyer by the plaintiff, and at the time he signed the agreement, the defendant did not of his own knowledge know the buyer had previously been shown the premises by the plaintiff, and the defendant had never known Mr. Gilbert or any member

of the Coleman firm prior to these happenings, and at the time he signed the agreement, he did not know the buyer or Miss Tragakis, nor had they ever known the plaintiff, the defendant, Mr. Gilbert or any member of the Coleman firm prior thereto.

The defendant did not submit any evidence but relied entirely on cross-examination. At the close of the evidence, the plaintiff filed eleven requests for rulings, a copy of which appears at the end of this opinion.

The trial judge allowed the plaintiff's request Nos. 1, 3, 7, 8, 9 and 10 and denied plaintiff's request Nos. 2, 4, 5, 6 and 11.

The plaintiff claims to be aggrieved by the above findings and rulings of the court.

In his denial for requests for rulings Nos. 4, 5 and 6, the trial judge added the statement, "I find that the plaintiff was not the efficient cause of the sale and therefore is not entitled to a commission". In his denial of request No. 11, the trial judge added the following, "I find that the defendant, the purchaser, and the broker who did effect the sale all acted in good faith".

It is a general rule that a broker in order to earn a commission must be the efficient cause of the sale—There are other reqirements also, but this is elementary. *Siegal v. Lowe,* 327 Mass. 154.

Whether or not the plaintiff was the efficient cause of the sale and entitled to a commission, and whether or not the purchaser, the broker and the defendant acted in good faith were

questions of fact to be decided by the judge, and those findings of fact will not be reversed by this court when sustainable upon any view of the evidence and the inferences warrantably drawn from the evidence. *Moss v. Old Colony Trust Company,* 246 Mass. 139; *Standard Oil Company of New York v. Malagati,* 269 Mass. 126-129 and *Casey v. Gallagher,* 326 Mass. 746 @ 748.

There is ample evidence to support the judge's findings. *Dolhaim v. Peterson,* 297 Mass. 479; *Banders v. Donahue,* 326 Mass. 563.

It is quite apparent that the plaintiff was not the efficient cause of the sale, and the judge so found. As a matter of fact, the plaintiff's attempt to sell this property ended in complete failure.

The plaintiff had no exclusive right of sale, and the second broker, who ultimately sold the property and received a commission from the defendant, initially, had no knowledge of the prior dealings between the buyer and the first broker. He acted in complete good faith as did the owner and the purchasers, and the judge so found. Furthermore, there was a different price involved, the sale was under a different set of circumstances, and the property had been listed with the second broker by the owner at this price wholly apart from the first transaction.

The finding for the defendant was completely justified and we perceive no error in

the denial of any of the requests for rulings filed by the defendant.

*There being no prejudicial error, an order should be entered dismissing the report.*

William J. Bannon, Jr., of Waltham, for the Defendant.