*Northern District*

No. 6843

## BONDE REALTY ASSOCIATES, INC.

### v.

## JOSEPH DAVIDOFF

Argued: Sept. 25, 1968   Decided: Mar. 5, 1969

*Present:* Brooks, P.J. Connolly, Yesley, JJ.

Case tired to *Artesani, J.* in the Municipal Court of the Brighton District of the City of Boston No. 815 of 1966

*Connolly, J. In this action of contract,* the plaintiff, a licensed real estate broker, seeks to recover a commission for effecting the sale of a dwelling house owned by the defendant.

The defendant seasonably filed requests for rulings of law among which was included:

2. Upon all the evidence, a finding is not warranted for the plaintiff.

The court made special findings and rulings. After a recitation of the conflicting testimony, the following specific findings were made:

"The Court finds that plaintiff through Mr. Titus ( a licensed) Real Estate Broker) was given the listing (not exclusive) to sell defendant's property at eleven Priscilla Road; that plaintiff advertised it and showed it to some people; that the Robbins contacted plaintiff as result of plaintiff's advertisement and on request was given the address; that the Robbins purchased the stated property directly from

the defendant for twenty-eight thousand five hundred dollars ($28,500.00); that the only way that the Robbins learned of the property being for sale was through the plaintiff; that plaintiff was the sole efficient cause of bringing the parties together which culminated in the sale by the defendant to the Robbins; that the plaintiff was the efficient cause of the sale and would be entitled to a commission of six percent (6%) on the purchase price of twenty-eight thousand five hundred dollars ($28,500.00) which amounts to one thousand seven hundred ten dollars ($1,7-10.00); that the plaintiff was acting solely as the agent of the defendant in effecting the sale; that there was no talk as to defendant wanting twenty-nine thousand dollars ($29,000.00) clear.

"The Court finds for the plaintiff in the amount of one thousand six hundred dollars ($1600.00) the amount claimed for plus interest at six percent (6%) from date of demand to date of writ one hundred eighteen dollars and eight cents ($118.08) — a total finding of one thousand seven hundred eighteen dollars and eight cents ($1718.08)".

Request #2 which is quoted above we regard as the key one, since it involves all the issues in the case. These are:

1. Did the defendant list the property in

question with the plaintiff for sale?

2. Was the sale on substantially the same terms as the listing?

3. Was the plaintiff the efficient cause of the sale?

We see no problem in the first two issues. On the evidence, there was ample support for the finding that the defendant listed the property with the plaintiff for sale; that even if the listed price was $29,000.00 clear to the defendant, (which the trial judge did not find), a gross sale price of $28,500.00 could be found to be in substantial compliance with the terms of the listing. The terms proposed by the broker and those finally adopted in the sale need not be identical. *Holton* v. *Shepard,* 291 Mass. 513, 516.

This leaves us then with but one issue. Was the plaintiff the efficient cause of the sale?

Although the question is close, the majority of the members of the Division who sat on this case are of the opinion that the evidence would support a specific finding that the plaintiff was the efficient cause of the sale and, consequently, a general finding for it.

The evidence most favorable to the plaintiff would be that the plaintiff, a licensed real estate agency, obtained a listing of the property in question from the defendant; the plaintiff advertised the property in a newspaper; a customer saw the ad, called the plaintiff, obtained the address of the property; and shortly there-

after purchased the property from the defendant.

While the evidence is admittedly slight, it is enough to support the finding of the trial judge that the plaintiff was the efficient cause of the sale. *Stuart* v. *Valson*, 249 Mass. 149. *McEvoy* v. *Ginsberg*, 345 Mass. 733.

Brokers have recovered commissions where they took no part in the negotiations, never saw the customer, and did nothing except advertise the property. *Libby* v. *Ivers and Pond Piano Co.*, 317 Mass. 478, 479. *Maloon* v. *Barrett*, 192 Mass. 552.

And it is immaterial that the defendant, when he made the sale, may not have known that the plaintiff was the efficient cause of it. *Provost* v. *Burgin*, 287 Mass. 273, 275.

The cases cited by the defendant; viz., *Kacavas* v. *Diamond*, 303 Mass. 88, *Dragone* v. *Dell 'Isola*, 332 Mass. 11, and *Bradley* v. *Donahue*, 343 Mass. 770 are impressive but can be distingushed on the facts.

It is of interest to note that in recent years, the right to a commission for the sale of real estate has been sharply curtailed, not only by the courts as evidenced by the cases cited by the defendant but by the Legislature as well. See G.L. c. 112, § 87 PP which deals with the licensing of real estate brokers and salesmen.

This trend, however, would not warrant this Division reversing *Libby* v. *Ivers and Pond Piano Co., Supra* and *Stuart* v. *Valson, Supra.*

We conclude that the denial of the request we have quoted above was not in error.

It is apparent that the findings of the trial judge were intended to stand by themselves irrespective of the correctness of the rulings. *Fibre Leather Mfg. Corp.* v. *Ramsey Mills Inc.,* 329 Mass. 575.

As a consequence, it is unnecessary to decide whether the other requests for rulings of law of the defendant were correctly dealt with, or even to state them, since the findings, which we think were not affected by the rulings, required the ultimate finding for the plaintiff. *Brodeur* v. *Seymour,* 315 Mass. 527.

There being no prejudicial error, **the Report is dismissed.**

THOMAS F. BOYD
    for Plaintiff
ALLAN H. ROBBINS
    for Defendant