TIMOTHY M. BURKE[1] & another[2] *vs.* COMMONWEALTH
& others.[3]

No. 05-P-1004.

Suffolk. April 4, 2006. - August 10, 2006.

Present: LAURENCE, DREBEN, & VUONO, JJ.

*Massachusetts Tort Claims Act. Indemnity. Public Employment,* Police, Indemnification of employee. *State Police. Civil Rights,* Attorney's fees. *Regulation.*

This court concluded that the Commonwealth had discretion to set the hourly rate of reimbursement for attorney's fees to be recovered by a State trooper entitled to indemnification for legal fees pursuant to G. L. c. 258, § 9A, and that in the circumstances of a civil rights action, the rate set was reasonable. [91-93]

CIVIL ACTION commenced in the Superior Court Department on August 9, 2001.

The case was heard by *Herman J. Smith, Jr.,* J., on motions for summary judgment.

*Brian Jay Rogal* for the plaintiffs.

*Mark P. Sutliff,* Assistant Attorney General (*Lisa J. Fauth,* Assistant Attorney General, with him) for the defendants.

DREBEN, J. This appeal from the grant of summary judgment for the defendants raises the question whether the Commonwealth has discretion to set the hourly rate of reimbursement for attorney's fees to be recovered by a State trooper entitled to indemnification for legal fees pursuant to G. L. c. 258, § 9A. This action was brought by the trooper, Mark Garrett, and his counsel, Timothy Burke, to whom he had, it is

---

[1] Doing business as Law Offices of Timothy M. Burke.

[2] Mark Garrett.

[3] Department of State Police and Executive Office of Administration and Finance.

alleged, assigned his right to indemnification, after the Commonwealth failed to pay Burke's bill as submitted. The Commonwealth paid Burke at the rate of $125 per hour although he had sought over $200 per hour. On cross motions for summary judgment, a judge of the Superior Court held that the Commonwealth has "discretion to set 'reasonable' limits on fees paid to attorneys representing state police officers in civil rights action[s]" and that the rate ($125 per hour) is a reasonable rate in the circumstances. We affirm.[4,5]

On appeal, the plaintiffs claim that G. L. c. 258, § 9A, set forth in the margin,[6] requires the defendants to pay for attorney's fees incurred by State police officers in defending civil rights suits and that the defendants have no basis for refusing to pay

---

[4]An earlier complaint was filed by Burke, an attorney in private practice, who with other attorneys in his office has provided legal representation to many members of the State police in civil rights actions. In his original complaint Burke claimed that the Commonwealth owed him significant sums ($199,484.75, plus interest) and sought a declaration that the defendants had violated G. L. c. 258, § 9A. He made no mention of an assignment from Mark Garrett. After a judge of the Superior Court dismissed his complaint on the ground that Burke had no standing, he filed a motion for reconsideration. He was allowed to file "an amended complaint raising any theories of liability not expressly rejected" by the judge's previous order. Burke then filed an amended complaint adding Mark Garrett as a plaintiff and alleging the latter's assignment to Burke of Garrett's right to indemnity for legal fees. It is on this amended complaint that a different Superior Court judge granted summary judgment for the defendants.

[5]Burke states that his "appeal also challenges" the earlier judgment, which he mistakenly argues denied "the plaintiff, an attorney, standing to sue for indemnification under an assignment of rights granted the plaintiff by the state trooper." (As indicated in note 4, supra, the original complaint did not mention an assignment.) Since the Commonwealth does not challenge standing on the basis of the assignment, and since Burke on appeal only argues that he has standing because of the assignment, we need not discuss the issue. We note, however, that in Pinshaw v. Metropolitan Dist. Commn., 402 Mass. 687, 690-691 (1988), without mention of the question of standing, the plaintiff was permitted to act under an assignment of rights of indemnification by a Metropolitan District Commission police officer.

[6]General Laws c. 258, § 9A, as amended through St. 1984, c. 457, provides in relevant part:

"If, in the event a suit is commenced against a member of the state police . . . by reason of a claim for damages resulting from an alleged intentional tort or by reason of an alleged act or failure to act which constitutes a violation of the civil rights of any person under federal or state law, the commonwealth, at the request of the affected police of-

Burke's rates because such rates are not unreasonable; Burke did not agree to limit his fees; and the regulation, 515 Code Mass. Regs. § 4.02 (1998), set forth in the margin,[7] does not limit payment to $125 per hour.

The materials presented by the parties reveal the following undisputed facts. Timothy Burke is general counsel to the State Police Association of Massachusetts (SPAM) and, since 1985, has represented State troopers named as defendants in civil rights lawsuits. Indeed, since 1997, when Eleanor Sinnott became chief legal counsel of the Department of State Police

ficer, shall provide for the legal representation of said police officer.

"The commonwealth shall indemnify members of the state police . . . from all personal financial loss and expenses, including but not limited to legal fees and costs, if any, in an amount not to exceed one million dollars arising out of any claim, action, award, compromise, settlement or judgment resulting from any alleged intentional tort or by reason of an alleged act or failure to act which constitutes a violation of the civil rights of any person under federal or state law . . . ."

[7] In relevant part, 515 Code Mass. Regs. §§ 4.00 et seq. (1998), which are regulations of the Department of State Police (department) promulgated by the department and by the Executive Office of Administration and Finance, and entitled "Indemnification For Certain Legal Fees," provide as follows:

"*4.01 General Provisions*

"(1) *Scope.* The procedures and standards set forth in 515 CMR 4.00 shall apply to indemnification by the Commonwealth of public safety employees for private legal fees arising out of any claim, action, award, compromise or settlement, or judgment resulting from any alleged international [*sic*, intentional] tort or alleged violation of the civil rights of any person to which the provisions of M. G. L. c 258, § 9A apply.

. . .

"*4.02: Procedures and Standards*

"(1) The public safety employee shall give written notification to his or her employer, at the outset, that he or she has been sued and intends to retain private counsel.

"(2) No claim for indemnification of private legal fees and costs shall be approved unless the employer agency has determined that those fees and costs are reasonable and necessary.

"(3) Maximum hourly rates for private defense attorneys shall be set at the standard hourly rates which the Attorney General pays to Special Assistant Attorneys General."

(department), Burke's law office has, "with few exceptions" represented such officers.[8] The procedure followed in such circumstances is that a State police officer, upon receipt of a summons and complaint naming the officer in a civil rights action, notifies the department that he or she has retained private counsel to defend the action. Such counsel is informed that the hourly rate paid by the Commonwealth for legal services to defend a State police officer is $125 per hour. The department has allowed private counsel to correspond directly with the department and to submit bills for payment under G. L. c. 258, § 9A.

Prior to 1997, Burke was paid at the rate of $75 per hour; in 1997, after negotiation, the rate was increased to $125 per hour. Since that time there has been no agreement to pay him or any other private counsel more than the hourly rate of $125, and Burke has not agreed to continue to charge only that amount.

The defendants claim that G. L. c. 258, § 9A, gives the department "the discretion to decide how legal representation is provided, including the rate of compensation to be paid to a private attorney when the officer is not represented by the public attorney." Although it appears that, contrary to the defendants' contention, and in contrast to the procedure for legal representation set forth in § 2 of G. L. c. 258, § 9A, of the statute permits State police officers to decide whether to retain private counsel (and to be reimbursed), that issue is not before us. We need only decide whether the Commonwealth may, pursuant to its regulations, which are presumptively valid,[9] *Massachusetts Assoc. of Cosmetology Schs., Inc.* v. *Board of Registration in Cosmetology,* 40 Mass. App. Ct. 706, 711 (1996), set $125 as a reasonable fee for such private counsel. Pointing to the legislative policy that indemnification of officers against intentional torts and civil rights violations encourages police service, see *Pinshaw* v. *Metropolitan Dist. Commn.,* 402 Mass. 687, 696 (1988); see also *Filippone* v. *Mayor of Newton,* 392 Mass. 622,

---

[8]An attachment to Sinnott's affidavit indicates that the annual payments over a twelve year period to Burke's office for legal services rendered to State police officers ranged from a high of $621,208 to a low of $131,945.

[9]On appeal, Burke does not challenge the validity of the regulation, but only the actions taken thereunder.

629 (1984), Burke argues the statute's purpose and language mandates indemnification and requires payment of fees incurred, at least if they are not unreasonable. The statute does not, he claims, provide for negotiation as to what those fees should be. He is correct that the statute mandates indemnity. See *Pinshaw, supra* at 693; *Boston* v. *Boston Police Patrolmen's Assn., Inc.,* 48 Mass. App. Ct. 74, 75 (1999). Moreover, the court in *Pinshaw, supra,* contrasting G. L. c. 258, § 9A, with G. L. c. 92, § 63B, stated that "under § 9A the Commonwealth must provide full indemnification," and, at note 10, observed that "[n]o statutory provision is made for administrative determination of the Commonwealth's mandatory duty to indemnify an officer under G. L. c. 258, § 9A."

Although the matter is not free from doubt, we consider that neither the language in *Pinshaw, supra,* nor in the statute, nor the legislative intent is compromised by the action of the department under the regulations. Unlike the other losses over which the officer has little if any control, such as damage awards for which he or she must be fully reimbursed, legal fees are negotiated by the officer and the attorney. Such fees are determined in a setting where, as pointed out by the Commonwealth, the usual client incentives to control the rates are absent. If Burke's position is correct, Garrett has no incentive to negotiate the rate. Moreover, and as indicated by note 8, *supra,* the fiscal burden on the Commonwealth for legal fees for State troopers under the statute is substantial even at the $125 per hour rate. It is apparent that the regulations were drafted and the rate was limited to ensure that the Commonwealth would not be bound by onerous obligations to a contract to which it did not agree. Cf. *Strand* v. *Hubbard,* 31 Mass. App. Ct. 914, 915 (1991) ("conservative principles should apply to the determination of what is a reasonable fee when the pocket from which the fee is drawn belongs to someone other than the person who hired the lawyer").

"[W]hen actions are brought to recover indemnity either where the right to indemnity is implied by law or arises under a contract," and counsel fees are included as recoverable, they must be reasonable. *Sears* v. *Nahant,* 215 Mass. 234, 239 (1913). This is so even when the person paying the fees is a

private party. See *Peerless Cas. Co.* v. *Marinucci Bros. & Co.*, 336 Mass. 691, 695 (1958).

On the cross motions for summary judgment, neither the Commonwealth nor Burke produced evidence that the rate proposed by the other was unreasonable. Indeed, in his deposition, Burke admitted that, although it was the exception, the $125 rate was consistent with what he charged at least one entity and a few long-standing clients. The rate was within the range of the amount received by special assistant attorneys general,[10] and $125 is the rate prescribed by Federal statute as generally applicable as a reasonable attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A) (2000). In sum, we consider that the department did not act arbitrarily in construing the regulation to permit it to set a fee which has not been shown to be unreasonable.

Since the plaintiffs sought a declaration that the department's action was in violation of G. L. c. 258, § 9A, the judgment is modified so as to declare that the department did not violate G. L. c. 258, § 9A, by setting the rate of reimbursement for counsel fees at $125. As so modified, the judgment is affirmed.

*So ordered.*

---

[10]The Commonwealth presented evidence in its answers to interrogatories signed by Sinnott that the standard fee for special assistant attorneys general is $75 per hour. Burke claims that the office of the Attorney General has no "standard hourly rate" — a letter from an assistant attorney general states that there is no formal document setting forth such specific hourly rates. He also states that the only fee schedule utilized by the Attorney General is the one setting the hourly legal fees of assistant attorneys general when the Commonwealth is entitled to recover legal fees against litigants. Burke wants to be paid according to that schedule, arguing that his hourly rate is the same hourly rate as in that schedule. That there is a dispute whether there is a standard fee does not present a material issue of fact as we, as did the motion judge, base our decision on 515 Code Mass. Regs. § 4.02(2). See note 7, *supra*. In any event, fees requested by the Attorney General in fee-shifting cases do not establish the "standard hourly rate" within the meaning of 515 Code Mass. Regs. § 4.02(3). See note 7, *supra*. Fee-shifting cases and cases where attorney's fees are awarded as damages involve different considerations from those at issue here.